## 47040. HENDRIX et al. v. BLACKSTONE-GEORGIA FOUNDRY, INC.

HALL, Presiding Judge. In actions for personal injuries to the husband and loss of consortium for the wife, the plaintiffs jointly appeal from the summary judgment.

The undisputed evidence shows that Hendrix was employed as an electrician's helper by H. A. Sack Co., Inc., an electrical contracting business. Sack had designed and was in the process of installing a complete power system in a plant under construction for the appellee, Blackstone-Georgia Foundry. The great bulk of the work was pursuant to the contract, plans and specifications agreed upon beforehand by Sack and Blackstone, although as the work progressed there were additions and changes performed under separate time and material work orders. Sack had a large work force on the foundry job, including a supervising electrician named Reed. All affiants agree that Reed was directly supervising Hendrix at the time of his accident and that no Blackstone employee or official was directing or in any way interfering in that particular job which was a main contract item. Reed instructed Hendrix and another man to tighten some connections in a "bus duct" and informed them that he had cut the power. However, the power was still on beyond a certain point in the duct. When Hendrix began work on that section, he received a shock which caused him to fall from the scaffold (provided by Sack) twenty feet to a concrete floor. Hendrix has received full workmen's compensation benefits from Sack's carrier for his injuries.

He and his wife subsequently sued Blackstone, alleging only that his injuries "were caused by defendant's negligence." On deposition, he stated that he did not know of anything Blackstone did or didn't do that attributed (sic) to his injury; but rather, that if his supervisor had cut the power where he was supposed to, it wouldn't have happened.

Plaintiffs contend that the issue on summary judgment and this appeal is whether Blackstone had assumed the right to direct and supervise Sack's personnel so as to create the relationship of master and servant. They submitted affidavits of Hendrix and two co-workers which relate instances in which they worked under instructions from Blackstone's engineers, worked side by side with Blackstone electricians, traded off equipment, and regulated their conduct on work breaks to conform to Blackstone's manager's views. They contend that these statements raise issues of fact concerning the legal relationship which must be determined by a jury.

We would agree if the issue of the relationship were in any way germane to the actions. Plaintiffs have overlooked the clear fact that they have filed tort suits and that their allegations of negligence have been not only pierced, but utterly disclaimed by their own unequivocal testimony. If Blackstone was not the employer and was not negligent, there is absolutely no theory of liability. If it was an employer, the only claim Hendrix would have is for workmen's compensation, which he has already collected. The court did not err in granting the summary judgment.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED APRIL 7, 1972—DECIDED APRIL 17, 1972.

*Neville & Neville, William J. Neville, Reba J. Jacobs,* for appellants.

*Allen, Edenfield, Brown & Franklin, James B. Franklin, B. Avant Edenfield,* for appellee.