30251. WHITEHEAD et al. v. HASTY.

UNDERCOFLER, Presiding Justice.

This appeal raises the questions of whether a massage parlor in which masturbation is offered to the public for pay is a public nuisance under the general nuisance laws of this state (Code § 72-101) and whether it is a nuisance per se. Code § 72-301.

After hearing evidence the trial court found that the appellants operated and were employed by a massage parlor open to the general public which offered, as a continuing and regular part of its business, masturbation

to its clients and that such continued acts of masturbation were for the purpose of gratifying the lustful desires of such clients and tended to corrupt and endanger the morals of the community at large and constituted a public nuisance. The trial court also found that the business activities of the appellants constituted a nuisance because the business was established and maintained for the purpose of lewdness under Code Title 72, Chapter 3, in that the acts of masturbation were provided to the general public in the regular course of business for pay. The trial court temporarily enjoined the operation of the business. This appeal followed. *Held:*

Subsequent to the issuance of the temporary injunction, the Georgia General Assembly passed an Act which was approved by the Governor on April 14, 1975. This Act criminalized masturbation for hire and declared that houses, etc., used for masturbation for hire were nuisances. Ga. L. 1975, p. 402; Code §§ 26-2021, 72-301. This Act became effective on July 1, 1975. Code § 102-111 (Ga. L. 1968, pp. 1364, 1365; 1969, p. 7).

The district attorney in his brief argues that the questions raised in this appeal are moot since the passage and approval of the 1975 Act. We agree.

"A moot case is one which seeks to determine an abstract question which does not arise upon existing facts and rights." *Byrd v. Equitable Life Assurance Soc.,* 185 Ga. 628, 638 (196 SE 63). "This court will . . . dismiss an appeal where it affirmatively appears that the questions presented have become moot or that a decision would be of no benefit to the complaining party. *Mooney v. Mooney,* 200 Ga. 395 (37 SE2d 195)." *Gober v. Colonial Pipeline Co.,* 228 Ga. 668, 670 (187 SE2d 275); *Kight v. Gilliard,* 215 Ga. 152 (109 SE2d 599).

Since the issues in this case are now moot because of the passage of the 1975 Act and the appellant can receive no benefit from a reversal, the appeal is dismissed. Code Ann. § 6-809 (b 3) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624).

*Appeal dismissed. All the Justices concur.*

SUBMITTED AUGUST 22, 1975 — DECIDED OCTOBER 1, 1975.

*Richard M. Nichols,* for appellants.
*Fred M. Hasty, District Attorney,* for appellee.