## 60781. MIMMS v. SISK DECORATING COMPANY, INC.

QUILLIAN, Presiding Judge.

Plaintiff Mimms appeals from the grant of summary judgment to the defendant Sisk Decorating Company, Inc. Sisk asserted a defense of collateral estoppel, relying on the prior holding of the Board of Workers' Compensation that Mimms was an employee of another.

Mimms was injured by falling from a scaffold while painting. He alleged he was injured by the combined negligence of Sisk and other defendants who required him to work on a scaffold without a guardrail, and by the "agents" of Sisk negligently moving the scaffold while he was working — causing him to fall and be injured.

John Deere contracted with the prime contractor — Holder Construction Company, for construction of a building. Holder subcontracted with Rosing Painting and Wall Covering Contractors for painting the building. Rosing had labor problems with the local union and Sisk agreed to handle Rosing's payroll for a 10% fee. Thomas Rosing of Rosing's Painting and Wall Covering appeared at Sisk's office on payday with "the time sheets . . . together with a check for the amount of the payroll, plus 10 (10%) percent for handling, and [Sisk] then issued [its] checks for the amounts indicated to be due each person listed [on Rosing's time sheet]."

Mimms filed a claim for workers' compensation and the Administrative Law Judge determined that Rosing "hired all the painters that were working on the John Deere Job . . . William D. Lyerla was supervising the painting job . . . Lyerla was actually a vice-president of Rosing." He found Mimms "was actually an employee of Rosing . . . even though he was receiving a check from Sisk . . . the payroll that Sisk was making . . . amounted to no more than a front in order for Rosing . . . to get around the fact that they did not have a union agreement . . ." The Administrative Law Judge also found "that no employee of Sisk . . . was on the John Deere job or had been on the John Deere job prior to the injury to Mr. Mimms . . ." Mimms was awarded permanent compensation from Rosing's insurer until he undergoes a change in condition.

The State Board of Workers' Compensation made the findings, conclusion and award of the Administrative Law Judge in its findings and conclusions and affirmed the award. On appeal of the award to the superior court, the trial court found the findings, conclusions and

award supported in all material respects, particularly — "All Sisk 'was supposed to do was make the payroll . . . Rosing supplied the funds for the payroll payments . . . The scaffold from which claimant fell was rented by Rosing . . . Rosing hired all painters working on the premises . . . No employee of Sisk Decorating was on the job or had been on the job prior to claimant's injury . . ."

Mimms filed this action while the claim for workers' compensation was being processed. Sisk asserted as its fifth defense: "And for an affirmative defense, this defendant shows that on the date and at the time and place alleged it a] was not in charge of the premises; b] was not exercising any supervision or control over any work in progress thereon; c] had no agent, servant or employee thereat; d] was not the employer of plaintiff; e] did not procure and/or provide the scaffold in question and neither placed nor moved same while plaintiff was working thereon; but plaintiff was at all times an employee and under the control and supervision of Rosing Painting and Wall Covering Contractors, a sub-contractor for Holder Construction Company, the General Contractor on said project, and such employment was subject to and governed by the provisions of the Workmen's Compensation Act of Georgia. Title 114-101, et seq. of the Code of Georgia, remedies afforded by which are exclusive, and that plaintiff has no claim, action, or right of action against this defendant."

Plaintiff moved to strike "that portion of said Defendant's defense which states: 'Such employment was subject to and governed by the provisions of the Workmen's Compensation of Georgia, Title 114-101, et seq., of the Code of Georgia remedies afforded by which are exclusive, and that Plaintiff has no claim or right of action against this Defendant.' "

Sisk filed a response to the motion to strike which showed "that said Workmens' Compensation claim is now pending upon appeal in the Court of Appeals . . . to determine whether or not Sisk was the employer of Mimms, plaintiff, or whether or not Rosing was the employer. Until said decision is final, Sisk contends that said motion of plaintiff should not be sustained, and if Sisk is held not to be the employer of plaintiff, then defendant, Sisk, will voluntarily dismiss the defense that claimant and this defendant were subject to and governed by the provisions of the Workmens' Compensation Act of Georgia . . ."

In the same response Sisk continued to aver that "it was not the employer of Mimms . . . as held as a finding of fact by the State Board of Workers' Compensation" and reiterated the factual predicate for the first part of its fifth defense. This Court denied the application for discretionary appeal and Sisk struck that portion of its fifth defense

relating to the claim that "such employment was subject to and governed by the provisions of the Workmens' Compensation Act . . . remedies afforded by which are exclusive . . ." Sisk then moved for and was granted summary judgment and Mimms brings this appeal. *Held:*

1. The trial court ruled that "since the Defendant, Sisk Decorating Co., Inc., did strike that part of its fifth defense verbatim as requested by the Plaintiff in its Motion, the aforesaid Motion to Strike be and the same is hereby rendered moot." Plaintiff contends this was error. We do not agree.

Sisk was pleading alternative defenses. It was alleging: 1) I was not your employer and had no agents at the job site which could have been negligent, or 2) If I was your employer under Title 114, Chapter 1, et seq., the remedy afforded you under Workers' Compensation is exclusive. Defendant's response to plaintiff's motion to strike was restricted to that portion of the fifth defense which dealt with the allegation that " 'such employment was subject to and governed by the provisions of the Workmen's Compensation of Georgia . . .' " After the decision of the State Board of Workers' Compensation and the trial court, and the denial of the motion for discretionary appeal by this Court, the defendant struck that portion of its fifth defense relating to "such employment was subject to . . . the Workmen's Compensation Act . . ." but continued to insist upon the remainder of its defense that it was not the employer of the plaintiff and had no "agents" on the job site as alleged by the plaintiff in its complaint. Thus, the defendant struck the pleading addressed by the motion.

"It is unnecessary to rule on a motion which has been withdrawn or the issues of which have become moot." 71 CJS 1041, Pleading, § 508 (3). The issue was mooted by defendant's withdrawal of the pleading upon which the motion was based. We find no error. See generally 71 CJS 715, Pleading, § 320 (d); *Hoard v. Jordan,* 23 Ga. App. 665 (2) (99 SE 144); *Whitehead v. Hasty,* 235 Ga. 331, 332 (219 SE2d 443).

2. The trial court did not err in granting defendant's motion for summary judgment. From the pleadings and the evidence produced in support thereof it was clear that Sisk was no more than a conduit through which Mimms' employer paid the defendant to avoid problems with local labor unions. The affidavits showed that Sisk had no personnel on the job site and its total participation was limited to issuing paychecks to Rosing's employees. This evidence effectively pierced plaintiff's pleadings and plaintiff produced no evidence to counterbalance or contest such evidence. "When the movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the

burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain." *Gerald v. Ameron Automotive Ctrs.,* 145 Ga. App. 200 (2) (243 SE2d 565); *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357). " '[I]f when given notice and opportunity to produce affidavits by persons competent to testify on their own knowledge to the truth of such allegations the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail . . . petitioner had his choice of producing counter-proof and thus make an issue of fact, or do nothing, that is, create no issue of fact and suffer judgment.' " *Summer-Minter v. Giordano,* 231 Ga. 601, 603-604 (203 SE2d 173). Sisk fully supported its motion for summary judgment and plaintiff produced no evidence to refute or place in issue any material fact. Plaintiff's conclusory allegation that he was an employee of Sisk is not such evidence as would raise an issue. *Dickson v. Dickson,* 238 Ga. 672, 674 (235 SE2d 479); *Morton v. Stewart,* 153 Ga. App. 636, 643 (266 SE2d 230).

We need not reach the issue argued by counsel as to the effect of the findings of the State Board of Workers' Compensation and the trial court that Sisk merely made out a payroll and no employee of Sisk was on the job or had been on the job prior to Mimms' injury. The doctrines of res judicata and estoppel by judgment are applicable to awards of the State Board of Workers' Compensation on all questions of fact in matters in which it has jurisdiction. *Woods v. Delta Air Lines,* 237 Ga. 332 (227 SE2d 376). Estoppel by judgment applies to the same parties upon any cause of action to matters which were directly decided in the former suit. Id. at 333. Mimms and Sisk were parties to the former action and the Board had jurisdiction to determine who were employees, employers, and principal, intermediate, or subcontractors. See Code Ann. §§ 114-101, 114-112 (Ga. L. 1920, pp. 167, 178 as amended through Ga. L. 1980, p. 1145). The Board and the trial court determined that Mimms was not an employee of Sisk, that Sisk had no employees on the job site, and that Rosing had control of the employees at the job site.

There were only two theories of liability. If Sisk had employees at the job site and was an employer he was responsible only for workers' compensation for which Mimms has already collected from Rosing. If he was not an employer and had no employees at the job site he was not negligent. Both theories were negated by affidavit, the findings of the Administrative Law Judge, the Board of Workers' Compensation, and the trial court. See *Hendrix v. Blackstone-Ga. Foundry,* 126 Ga. App. 88, 89 (190 SE2d 93); *Ga. Power Co. v. Diamond,* 130 Ga. App. 268 (3) (202 SE2d 704); *Carriers Ins. Co. v. McConnell,* 141 Ga. App. 44, 45 (232 SE2d 606). The trial court did

not err in granting summary judgment for defendant.
*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED OCTOBER 6, 1980 — DECIDED NOVEMBER 24, 1980 —

*William L. Skinner,* for appellant.
*H. P. Arnold, H. A. Stephens, Jr.,* for appellees.