## 67353. GRAPHICS PRODUCTS DISTRIBUTORS, INC. et al.<br>v. MPL LEASING CORPORATION.

CARLEY, Judge.

Appellants agreed to purchase certain copy machines from Saxon Business Products ("Saxon"). The purchase was financed through appellee. The agreement between appellants and appellee provided for appellants to make bi-monthly lease payments to appellee. After making several such payments, appellants defaulted on the lease agreement, and the machines were subsequently reclaimed by Saxon. Pursuant to a separate recourse agreement between Saxon and appellee, Saxon paid appellee the entire amount due under appellee's lease agreement with appellants. Thereafter, appellee sued appellants for the amount owed on their lease agreement. A jury trial was held, and a verdict was returned in favor of appellee for the full amount specified in the complaint. Appellants appeal from the judgment entered on the jury verdict.

1. Appellants enumerate as error the denial of their motion for a directed verdict. Appellants assert that appellee's cause of action against them was extinguished by Saxon's payment to appellee of an amount equal to the sum owed to appellee by appellants. Since appellee was paid, appellants contend that appellee was not damaged by their breach of contract.

There was evidence that, pursuant to appellee's separate recourse agreement with Saxon, Saxon paid appellee the amount owed by appellants. However, there was also evidence that, by the terms of the recourse agreement, appellee agreed to instigate proceedings to collect the debt from appellants and to transmit to Saxon any such sums that might be collected from appellants. Both the lease agreement between appellants and appellee and the recourse agreement between appellee and Saxon were admitted into evidence for consideration by the jury.

To recover in a suit on a contract, the complaining party must establish both a breach of the contract and resulting damages. *Selman v. Manis*, 100 Ga. App. 422 (111 SE2d 747) (1959). It is for the jury to determine, based upon the evidence presented, whether there was a breach of contract, and, if so, whether the plaintiff sustained damages as a result thereof. *Graham Bros. Constr. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546 (284 SE2d 282) (1981). Since the evidence as to whether appellee had sustained damages was in conflict in the instant case, the matter was not appropriate for disposition by means of a directed verdict. *Timber Equip. v. McKinney*, 166 Ga. App. 757 (305 SE2d 468) (1983). We find no error.

2. Appellants also enumerate as error the denial of their motion for new trial, which was premised upon the trial court's refusal to give

certain of appellants' requested charges to the jury. The requested charges all concerned prohibiting a "double recovery" by appellee. Several of the charges applied to situations involving joint or successive tort-feasors, and were clearly inapplicable to the facts of the instant contract case. The remaining requested charge concerned the principle that there can be but one satisfaction for one wrong. Appellant contends that, since the language of the requested charge was taken from a suit on a contract, *Pulaski County v. Fidelity &c. Co.*, 58 Ga. App. 167, 174-175 (198 SE 90) (1938), it was applicable to the case at bar. However, the question raised in *Pulaski County* was completely different from the matter in issue here. There, the plaintiff and one of three defendants executed a settlement agreement covering "all issues involved" in a certain lawsuit. Thereafter, the plaintiff sued the other two defendants for expenses incurred as a result of the first suit. The court held that the second suit was barred under the terms of the settlement agreement. No such settlement agreement is involved in the instant case.

" ' "A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper." [Cits.]' [Cits.]" *Fowler v. Gorrell*, 148 Ga. App. 573, 576 (251 SE2d 819) (1978). The trial court did not err in refusing to give the requested charges to the jury or in denying the motion for new trial premised upon such refusal.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 15, 1984 —
REHEARING DENIED MARCH 29, 1984 — 

*James E. Thompson*, for appellants.
*Bartow Cowden III, Daryl L. Kidd*, for appellee.