S03A1396. PARKER v. PARKER.
S04A0267. PARKER et al. v. PARKER.
(594 SE2d 627)

BENHAM, Justice.
These appeals involve two actions brought by Wanda Faye Parker, one in the Superior Court of Gwinnett County against her former husband, Conrad Furman Parker II, seeking past due child support and modification of child support, and another in the State Court of Gwinnett County against both her former husband and his father, Conrad Furman Parker, Sr., alleging breach of contract and fraud. In Case No. S03A1396, Ms. Parker appeals the grant of partial

summary judgment to Mr. Parker and in Case No. S04A0267, Mr. Parker and Mr. Parker, Sr. appeal the denial of their motions to dismiss. The former case is in this Court pursuant to the grant of a discretionary appeal by the Court of Appeals and the subsequent transfer of the appeal to this Court, and the latter case is here pursuant to this Court's grant of an application for interlocutory review.

In the suit filed in superior court, Ms. Parker's claim for past due child support was based at least in part on her contention that funds received by Mr. Parker from the liquidation of his "Executive Salary Continuation Plan" (ESCP) was income subject to a provision in the parties' divorce decree requiring that Mr. Parker pay as child support 25 percent of any employer payments above salary. Mr. Parker sought and received partial summary judgment holding the ESCP funds to be retirement funds awarded to him in the divorce, and not income subject to the provision requiring payment of 25 percent of employer payments above salary. Notwithstanding that ruling, the trial court permitted Ms. Parker to present evidence to a jury in the modification action that the ESCP funds constituted employer payments Mr. Parker had received subsequent to the divorce. Ms. Parker also litigated in the modification action a claim that Mr. Parker and his father had conspired to suppress his income by means of a fraudulent scheme in which Mr. Parker transferred to Mr. Parker, Sr., allegedly in satisfaction of an indebtedness, Mr. Parker's economic interest in a limited liability company, an interest which has produced income for Mr. Parker, Sr. The jury's verdict in the modification action increased Mr. Parker's child support obligation based on an income level consistent with Mr. Parker's admitted income, but rejected the claims of suppression of income, thereby establishing that the ESCP funds did not constitute employer payments and that Mr. Parker and his father did not conspire to fraudulently conceal income from the limited liability company. The correctness of that verdict and the judgment based on it is not challenged on appeal.

While the action in superior court was pending, Ms. Parker filed the breach of contract and fraud suit in state court. The breach of contract alleged in that suit was Mr. Parker's alleged failure to pay additional child support as required by the settlement agreement incorporated into the divorce decree. The fraud count alleged the conspiracy between Mr. Parker and his father to suppress Mr. Parker's income by means of transferring to his father his economic interest in the limited liability company. Mr. Parker and Mr. Parker, Sr., each filed a motion to transfer the suit to superior court or, in the alternative, to dismiss because the underlying issues had been adjudicated in the modification action in superior court.

Although the order granting the application for interlocutory appeal that led to Case No. S04A0267 expressed interest in questions

concerning procedural aspects of the action in state court, our review of the record reveals that consideration of those issues would be merely academic in light of the inescapable conclusion that the issues raised in the state court action and the issue involved in the grant of partial summary judgment in superior court have been conclusively litigated and determined adversely to Ms. Parker.

> Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. [Cit.] Collateral estoppel requires identity of the parties and their privies in both actions. [Cit.] However, collateral estoppel does not require precise identity of the claim – so long as an issue was determined in the previous action and there is identity of the parties or their privies, that issue may not be re-litigated, even as part of a different claim. [Cit.] Collateral estoppel not only precludes those issues that actually were litigated and decided in the previous action, it also precludes issues that necessarily had to be decided in order for the previous judgment to have been rendered. [Cit.]

*In re T.M.G.*, 275 Ga. 543, 544 (570 SE2d 327) (2002).

The transcript of the modification trial establishes that Ms. Parker submitted for decision during that trial both income suppression issues involved in these appeals, the status of the funds Mr. Parker received from the liquidation of his ESCP and the alleged conspiracy between Mr. Parker and his father to assert fraudulently that income from the limited liability company belongs to Mr. Parker, Sr., not Mr. Parker. Although Mr. Parker, Sr., was not a party to the modification action, he was "so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." (Citation and punctuation omitted.) *Langton v. Dept. of Corrections*, 220 Ga. App. 445 (1) (469 SE2d 509) (1996).

When the judgment on the jury verdict in the modification action is considered with the grant of partial summary judgment to Mr. Parker in the claim for past due child support, there exists identity of both issue and parties, and an adjudication of the issue on the merits. When the judgment in the modification action is considered with the claims raised in the state court action, there exists identity of issues and of parties or privies, and an adjudication of the issues on their merits. It follows from the holding in *In re T.M.G.*, supra, that Ms. Parker is barred from attempting to litigate those issues again.

The effect of that conclusion in Case No. S03A1396, the appeal

from the grant of partial summary judgment, is to require dismissal of the appeal. Because Ms. Parker could not litigate the issue again and could not, therefore, derive any benefit from a reversal, the propriety of the trial court's grant of summary judgment in Mr. Parker's favor is a moot question. This court will dismiss an appeal where it affirmatively appears that a decision would be of no benefit to the complaining party. *Whitehead v. Hasty*, 235 Ga. 331, 332 (219 SE2d 443) (1975). Accordingly, Case No. S03A1396 is dismissed.

In Case No. S04A0267, the appeal by Mr. Parker and Mr. Parker, Sr., from the denial of their motions to transfer or dismiss the suit, the conclusion that collateral estoppel bars further litigation of the income suppression issues adjudicated in the modification action renders the trial court's denial of the motion error. Accordingly, we reverse the trial court's order and remand with direction that the case be dismissed.

*Appeal dismissed in Case No. S03A1396. Judgment reversed with direction in Case No. S04A0267. All the Justices concur.*

DECIDED MARCH 22, 2004.

*Alan Mullinax & Associates, Alan Mullinax, Stephen W. Adkins, Jr., Robert L. Waller III*, for Wanda Parker.

*Phyllis Miller, Beverly J. Hall, King, Lipscomb & Lloyd, Judy C. King*, for Conrad Parker et al.