A07A0948. RISE v. GAPVT MOTORS, INC.
(653 SE2d 320)

BERNES, Judge.

Matilda Rise sued GAPVT Motors, Inc. (the "dealership") alleging that it breached a verbal agreement to provide her with the wiring needed for a car radio unit. Granting partial summary judgment to the dealership, the trial court ruled that Rise had no viable claims for fraud, wilful misrepresentation, theft, and conversion, and held that Rise was limited to recovering nominal damages if she ultimately succeeded on her breach of contract claim. After a bench trial, the trial court entered a verdict and final judgment in favor of the dealership on Rise's claims for breach of contract and attorney fees. Rise appeals the grant of partial summary judgment and entry of final judgment in favor of the dealership. For the following reasons, we affirm.

The record reflects that in October 2002, Rise entered into a written agreement to purchase a 2002 Pontiac Sunfire automobile from the dealership. Contemporaneous with the execution of the written purchase agreement, the parties also signed a "WE OWE" sheet under which the dealership agreed to replace the factory installed radio unit in the automobile with a different radio unit that could play cassettes. A few days later, Rise returned to the dealership to pick up her new vehicle. Rise left the dealership on that day with both the new car and the newly installed radio unit.

Rise later contacted the dealership about the original radio unit that had been uninstalled. Rise expressed her belief that prior to execution of the written purchase agreement, the parties had verbally agreed that she would retain possession of the uninstalled radio unit and any accessories necessary to operate it. In response, the dealership gave Rise the uninstalled radio unit. The unit, however, did not come with certain wiring that Rise contended was an essential accessory for operation of the radio.

When the wiring was not provided to Rise after another visit to the dealership and several phone calls and letters, she brought this action against the dealership in which she asserted claims for breach of contract, fraud, wilful misrepresentation, theft, and conversion. Her claims were predicated on the alleged verbal agreement for the uninstalled radio unit and requisite accessories, and on her assertion that the wiring not provided to her was an essential accessory for the radio unit to operate. Based on her failure to receive the wiring, Rise sought to recover compensatory damages; damages for injury to her peace, happiness, or feelings; travel expenses; punitive damages; and attorney fees.

Following commencement of the lawsuit, Rise met with the dealership, which at that time provided her with the wiring she had requested for the uninstalled radio unit. The wiring was tested and functioned properly on her vehicle. The dealership subsequently moved for summary judgment on all claims, which the trial court granted, except on Rise's claims for breach of contract and attorney fees. As to damages, the trial court further ruled that as a matter of law Rise was limited to recovering nominal damages if she succeeded at trial on her breach of contract claim.

A bench trial thereafter was conducted in which Rise and the dealership's general manager testified. Rise testified that she believed that the wiring was an essential accessory that should have come with the uninstalled radio unit as part of its purchase. In contrast, the dealership's general manager testified that the wiring that had been requested by Rise was not an accessory that would come with the uninstalled car radio unit when purchased as a separate item. He explained:

When you remove the radio unit itself, you are unplugging it. I guess the best example I could give is if you unplug your television from the wall, you are not removing the receptacle and the wires behind the wall. . . . The radio stops at the end of the radio. The wires are part of the car.

After hearing this testimony and reviewing the documentary evidence, the trial court entered a verdict and final judgment in favor of the dealership on the claims for breach of contract and attorney fees. As part of its ruling, the trial court found that even if the verbal agreement between Rise and the dealership regarding the uninstalled radio unit was enforceable, the general manager's testimony showed that the wiring was not an accessory that should have come with the unit and thus was not part of the parties' verbal bargain. The trial court further found that the dealership's decision after the lawsuit was filed to provide Rise with the wiring was not an admission that the wiring formed part of the verbal agreement, but rather was done "in the hopes that somebody would come to their senses and this stuff would stop right then."

1. Rise contends that the trial court erred in entering a verdict and final judgment in favor of the dealership on her claims for breach of contract and attorney fees. We disagree.

Upon appellate review, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. OCGA § 9-11-52 (a). The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them.

(Footnote omitted.) *Monterrey Mexican Restaurant of Wise v. Leon*, 282 Ga. App. 439, 442 (1) (638 SE2d 879) (2006). "To recover in a suit on a contract, the complaining party must establish both a breach of the contract and resulting damages." (Citation omitted.) *Graphics Products Distributors v. MPL Leasing Corp.*, 170 Ga. App. 555 (1) (317 SE2d 623) (1984). The question of whether the contract has been breached is normally one for the factfinder, which in this case was the trial court. Id.

As noted, the trial court concluded that even if the parties had an enforceable verbal agreement, it had not been breached because the wiring at issue was not an accessory included in the purchase of the uninstalled radio unit. In reaching this conclusion, the trial court relied upon the testimony of the dealership's general manager and

credited it over Rise's testimony. We defer to this credibility determination by the trial court. See *Leon*, 282 Ga. App. at 442 (1). Given the general manager's testimony and the applicable standard of review, it cannot be said that the trial court erred in ruling for the dealership on Rise's breach of contract claim. Moreover, because Rise's contract claim failed, she was not entitled to recover attorney fees. See *Walker County v. Tri-State Crematory*, 284 Ga. App. 34, 40 (1) (643 SE2d 324) (2007). Accordingly, we affirm the trial court's entry of a verdict and final judgment in favor of the dealership.

2. Rise contends that the trial court erred in granting summary judgment on her claims for fraud; wilful misrepresentation; theft; conversion; compensatory damages; damages for injury to her peace, happiness, or feelings; travel expenses; and punitive damages. All of these claims, however, were predicated on Rise's contention that she was entitled to the wiring based on the verbal agreement between the parties — a contention, as noted in Division 1, that was ultimately rejected by the trial court after hearing all the evidence presented at the bench trial on the breach of contract claim. Thus, even if the trial court had denied summary judgment on these claims, the claims nevertheless would have ultimately failed at the bench trial. As such, the propriety of the trial court's grant of summary judgment on these claims is a moot question and need not be addressed by this Court. See *Parker v. Parker*, 277 Ga. 664, 667 (594 SE2d 627) (2004) (holding that because appellant would not "derive any benefit from a reversal, the propriety of the trial court's grant of summary judgment in [appellee's] favor [was] a moot question").

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 3, 2007 —
RECONSIDERATION DENIED NOVEMBER 6, 2007.

*Robertson, Bodoh & Nasrallah, Morgan M. Robertson*, for appellant.
*C. Davis Bauman, Mitchell L. Baker, Jr.*, for appellee.