MOONEY *v.* MOONEY.

BELL, Chief Justice. 1. An amendment to a petition which materially changes the cause of action opens the petition as amended to demurrer. Code, § 81-1312.

2. A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects. *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d, 385); *Powell* v. *Cheshire,* 70 *Ga.*

357 (2, b) (48 Am. R. 572); *General Accident, Fire & Life Assur. Corp.* v. *Way*, 20 *Ga. App.* 106 (2) (92 S. E. 650).

3. The amendment to the petition in this case, adding allegations for the purpose of showing cruelty as a ground for divorce, was a material amendment; and therefore, even though it was allowed after the judge had unconditionally overruled a motion to dismiss the original petition on the alleged ground that it did not state a cause of action, a new and further adjudication would be required in order to determine whether the petition as thus amended and still pending should be finally dismissed on such ground. *Charleston & Western Carolina Ry. Co.* v. *Miller*, 115 *Ga.* 92 (41 S. E. 252); *Tingle* v. *Maddox*, 186 *Ga.* 757 (2) (198 S. E. 722); *Whatley* v. *Musselwhite*, 189 *Ga.* 91, 98 (5 S. E. 2d, 227); *Moore* v. *Gregory*, 72 *Ga. App.* 614 (34 S. E. 2d, 624).

4. The petition having been thus materially changed by the amendment since the motion to dismiss it was overruled, the exceptions taken by the defendant to the order overruling such motion present only a moot question. *Livingston* v. *Barnett*, 193 *Ga.* 640, 650 (supra); *Mauldin* v. *Lexington Roller Mills Inc.*, 195 *Ga.* 122 (23 S. E. 2d, 429); *Hughes* v. *Purcell*, 198 *Ga.* 666 (32 S. E. 2d, 392).

(a) Nor, since the amendment opened the petition to a new adjudication by the trial court, would a reversal of the previous judgment overruling the demurrer be of any benefit to the plaintiff in error. *Arnold* v. *Arnold*, 180 *Ga.* 560 (179 S. E. 715).

5. While the defendant in error has made no motion to dismiss the writ of error, she does insist that the proper procedure for the plaintiff in error would have been to demur to the petition as amended, rather than attempt to bring the case to this court upon the petition as originally filed. Moreover, this court will upon its own motion dismiss a writ of error where it affirmatively appears that the question presented has become moot, or that a decision would be of no benefit to the complaining party. Accordingly, in the instant case, the writ of error must be dismissed.

(a) The decision in *Sikes* v. *Hurt*, 18 *Ga. App.* 197 (89 S. E. 181), in so far as it may be in conflict with the rulings here made, is not controlling, and will not be followed. *Sikes* v. *Hurt*, 145 *Ga.* 790 (89 S. E. 832), was not a review of that decision, but was a decision upon an independent writ of error.

*Writ of error dismissed. All the Justices concur.*

No. 15407. FEBRUARY 21, 1946.

*John H. Payne,* for plaintiff in error.
*Vester M. Ownby,* and *R. P. Johnston,* contra.