26970. GOBER et al. v. COLONIAL PIPELINE COMPANY.

*Howe & Howe, Richard C. Sutton,* for appellants.

*Bagby, Fudger & Foster, Arthur W. Fudger,* for appellee.

Almand, Chief Justice. This appeal is from orders (a) granting the prayers of the appellee for an interlocutory injunction, and (b) denying the prayers of the appellants for an interlocutory injunction.

Colonial Pipeline Company in its complaint against Robert D. and Margaret Gober alleged that it was the owner and holder of a right (easement) to construct, maintain, inspect, etc., a pipeline for the transportation of liquids and/or gases over and through a described tract of land owned by the defendants; that pursuant to the terms of said easement (a copy being attached to the complaint), it was in the process of constructing an additional line on the described premises in strict compliance with the terms of the easement; and that the defendants were openly, wilfully and overtly blocking a portion of plaintiff's easement. The prayers were that the defendants be restrained and enjoined from maintaining any obstruction across the property described in the easement and from interfering "with the construction and completion of the pipeline across said easement."

In their answer the defendants denied the material allegations of the plaintiff's complaint, and by cross complaint alleged that the plaintiff had no valid easement or legal right and was trespassing on their property and had damaged their property in a stated amount. They prayed that the plaintiff's prayer for an injunction be denied; that it be enjoined from further proceeding with the construction of the pipeline on their property; and for judgment for damage already done to their property.

After a hearing, the court granted the plaintiff's prayers

for an interlocutory injunction and denied the defendants' prayers for an interlocutory injunction. In its order the court stated: (a) The question of damages was left for the jury; (b) the question of any additional future easement for pipelines was not passed upon, and (c) that upon the application of either party, the court would consider the motion as to whether the posting of bonds should be required. No supersedeas was obtained.

On the oral argument before this court, counsel for the appellee stated that the laying of the pipeline by the appellee across the appellants' property had been completed. Counsel for the appellants in open court agreed that the construction of the pipeline had been completed.

■ This court will upon its own motion dismiss an appeal where it affirmatively appears that the questions presented have become moot or that a decision would be of no benefit to the complaining party. *Mooney v. Mooney,* 200 Ga. 395 (37 SE2d 195).

■ The fact that the appellants might possibly derive some future benefit from a favorable adjudication on an abstract question, or that a decision would settle the question of costs, will not require this court to retain and decide the case. *Abernathy v. Dorsey,* 189 Ga. 72 (5 SE2d 39).

■ In *Davison v. City of Summerville,* 204 Ga. 748 (51 SE2d 820), the plaintiff, a taxpayer, sought to enjoin the City of Summerville and a named company from the laying of a sewer pipe along a portion of a named city street on the ground that the work being done was under no contract. The trial court denied the prayers to enjoin the laying of the sewer pipe. When the case reached this court, a motion to dismiss the writ of error was made on the ground that the case had become moot, in that the installation of the sewer line had been completed. There was no denial of the fact that the sewer line had been completed. This motion was sustained. In the opinion it was said: "Practically every petition seeking an injunction is based upon the allegation that the acts sought to be enjoined are illegal; but where such acts have been completed, and the sole relief

sought is an injunction against the commission of the alleged illegal acts, this court will not retain the writ of error merely for the purpose of determining whether the acts were in fact illegal."

It appearing without dispute that the acts which the appellants sought to have enjoined—the construction of the pipeline—have been completed, a reversal of the judgments complained of would be ineffectual, and the case has become moot.

*Appeal dismissed. All the Justices concur.*