36874. NATIONAL COUNCIL OF JEWISH WOMEN et al. v. COBB COUNTY.

HILL, Presiding Justice.

The National Council of Jewish Women is a volunteer community service organization which began in 1893. The Atlanta section of the NCJW began in 1894.

The Atlanta Section of the NCJW (hereinafter the defendant) obtained federal and state grants to operate an Attention Home in Cobb County for status offender youths who could neither be returned home nor held in detention. The defendant leased a house at 1150 Robert Lane in Cobb County, to provide lodging and care on a temporary basis for female juvenile status offenders. Six employees under the supervision of a Director staffed the home 24 hours a day in shifts of two (none lived in); as many as 8 girls, ages 8 to 17, were provided lodging for an average of 15.2 days each.

The Attention Home began operations on January 21, 1980. On February 8, 1980, the Cobb County Zoning Administrator notified the defendant in writing that the Home, which was located in a single family residential zone, should be located in a multi-family zone or an office and institutional zone. The Zoning Administrator allowed the defendant 60 days to relocate.

On March 6, the defendant appealed the Zoning Administrator's decision to the Board of Zoning Appeals, which affirmed on April 22. On May 7, the County filed suit to enjoin the alleged violation of the zoning ordinance.

The matter came on for hearing on May 27 and the injunction was issued by order dated June 19, 1980. No motion for supersedeas was made. Notice of appeal was filed July 18, 1980.

At the hearing on May 27, the Attention Home Director had testified that the lease at 1150 Robert Lane would expire on September 30, 1980, and that the defendant did not plan to renew it. The appeal was docketed in this court on October 15. The appellee Cobb County in its brief filed November 24, 1980, urged this court to dismiss the appeal as moot. At the argument of this case on January 12, 1981, this court requested and has been furnished a copy of the

defendant's lease on different premises in a multi-family zone presently used to operate the Attention Home. This lease began July 1, 1980, and runs through September 30, 1981.

In opposing the motion to dismiss based on mootness, the defendant urges that the needy youth of Cobb County have not disappeared, that it is directed "To provide treatment services to the delinquent and unruly offender in the least restrictive alternative possible" (i.e., a single family residential zone according to defendant) and that it may lose its funding if its facility is found not "to meet minimum standards protecting the interest of the child..." Defendant urges further that it desires to move back into a single family residential zone and that the issues raised are not moot and should be resolved. Amicus curiae, who have filed detailed briefs on the merits, also support the defendant's position on mootness, urging that the stability of a single family zone enhances a child's chances for improvement.

Although the defendant and amicus curiae urge that the controversy is not moot, we must disagree. In essence, the defendant in this injunction suit seeks to inject a counterclaim for declaratory judgment on appeal.[1] If we were to reverse the trial court's grant of injunction on the merits, nothing would happen and the opinion would be advisory only. The same is true if we were to affirm. The defendant has a lease in a multi-family zone which runs until September 30, 1981. The lease contains no provision which would allow the tenant to terminate the lease if we were to reverse, so it could return to a single family zone.

We decline to find on this record and with these parties that the governmental agencies involved have the right to cut off defendant's funding because its facility is in a multi-family zone. To find that this case is not moot because funding can be terminated would be to adjudicate defendant's rights on issues not made, raised or briefed.

*Gober v. Colonial Pipeline Co.,* 228 Ga. 668, 670 (187 SE2d 275) (1972), held: "This court will upon its own motion dismiss an appeal where it affirmatively appears that ... a decision would be of no benefit to the complaining party. *Mooney v. Mooney,* 200 Ga. 395 (37 SE2d 195) ... The fact that the appellants might possibly derive some future benefit from a favorable adjudication on an abstract question ... will not require this court to retain and decide the case. *Abernathy v. Dorsey,* 189 Ga. 72 (5 SE2d 39)." See also *Board of Comm. of*

---

[1] Although defendant now urges us to decide the case on its merits, three enumerations of error are procedural and if reversal were based on one of those enumerations, the matter would have to be reheard by the trial court.

*Walton County v. Dept. of Public Health,* 229 Ga. 173 (2) (190 SE2d 39) (1972). The cases of *Nix v. State,* 233 Ga. 73 (209 SE2d 597) (1974), and *Newman v. Smith,* 217 Ga. 465 (2) (123 SE2d 305) (1961), are distinguishable.

We find the issues in this case to be moot.

*Appeal dismissed. All the Justices concur, except Jordan, C. J., who dissents and would affirm on the merits.*

DECIDED FEBRUARY 24, 1981.

*J. Don Jones,* for appellants.

*Jonathan Zimring, Daniel F. Byrne, Mary Margaret Oliver, Harry F. Swanger,* amicus curiae.

*Sams, Glover & Gentry, Irma B. Glover, David P. Hartin,* for appellee.