## 41395. UNITED FOOD & COMMERCIAL WORKERS UNION et al. v. AMBERJACK, LTD. et al.

(321 SE2d 736)

CLARKE, Justice.

This is an appeal of the trial court's denial of a motion to dissolve a temporary restraining order. The issues are mootness and the strictness of the notice requirements of OCGA § 9-11-65. We find the case to be moot but because the error is capable of repetition and yet evades review, we review and reverse.

Appellees filed a suit seeking to enjoin the picketing of its premises by members of the appellant union. Upon doing so, appellees' counsel submitted to the trial court a proposed temporary restraining order without having given notice to the adverse party or showing by affidavit or otherwise why notice should not be given as required by OCGA § 9-11-65. Appellants filed a motion to dissolve the temporary restraining order which was denied but the case proceeded to a hearing on the question of an interlocutory injunction which was granted.

Appellants argue this court should reverse the refusal to dissolve the temporary restraining order even though it has been superseded by the interlocutory injunction. In doing so, it points out the importance of the statutory notice requirements. Appellees contend the issue is moot. We agree with both contentions but will proceed to decide the issue recognizing that it is capable of repetition yet evades review. Gerstein v. Pugh, 420 U. S. 103 (95 SC 854, 43 LE2d 54) (1975). The language of the statute is unmistakable. It provides that a temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if it appears from affidavits or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition or the applicant's counsel certifies in writing to the efforts which have been made to give notice and the reasons supporting the party's claim that notice should not be required.

An ex parte temporary restraining order is a harsh remedy and statutes authorizing such a remedy must be strictly construed. We follow this proposition and construe the notice requirements to be mandatory and jurisdictional.

While a temporary restraining order is not a judgment which is directly appealable under OCGA § 5-6-34, see George v. George, 231 Ga. 296 (201 SE2d 418) (1973), § 5-6-34 (a) (5) permits an appeal from orders refusing to vacate a temporary restraining order. This appeal from the denial of appellants' motion to dissolve the temporary order, as well as the grant of the interlocutory injunction, are subject to direct appeal. Since, however, there is no appeal from the granting of the interlocutory injunction, we cannot reach the issue of whether that judgment was so infected by the temporary restraining order as

to render it invalid. That question must be reserved for another day.
*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 17, 1984.

*Jacobs & Langford, Harris Jacobs, Norman J. Slawsky,* for appellants.

*Costangy, Brooks & Smith, Lowell W. Olson, Terry, Walters & Lippett, W. Earl McCall,* for appellees.