42888. CHASTAIN et al. v. BAKER et al.

(339 SE2d 241)

MARSHALL, Presiding Justice.

The Court of Appeals has certified the following question to this court: "Georgia Laws 1984, p. 5268, § 1A (b) provides: 'There shall be

no appeal to superior court from the Probate Court of Clayton County. Appeals from the Probate Court of Clayton County shall be taken directly to the Court of Appeals or the Supreme Court in the same manner in which appeals are taken to said courts from the superior courts.' However, OCGA § 5-3-2, which was enacted prior to the aforementioned local legislation, provides in pertinent part: 'An appeal shall lie to the superior court from any decision made by the probate court. . .' Based upon the foregoing, it is unclear exactly how appeals from decisions of the Probate Court of Clayton County should be pursued. Therefore, the Court of Appeals desires instructions from the Supreme Court upon the following questions, a determination of which is necessary for a decision in this case:

"1) Does the Court of Appeals have jurisdiction of direct appeals from decisions of the Probate Court of Clayton County, as provided in Ga. L. 1984, p. 5268, § 1A (b)?

"2) Or, is Ga. L. 1984, p. 5268, § 1A (b) invalid by virtue of Ga. Const. 1983, Art. 3, § 6, Par. 4 (a), which provides in pertinent part that no local or special law shall be enacted in any case for which provision has been made by an existing general law?"

The record before this court contains the suggestion of the death of the alleged incapacitated person, for the appointment of a guardian of whose person and property a petition was filed in this case. Under the Appellate Practice Act, the dismissal of an appeal is mandatory for the three specific instances contained in subsection (b) of OCGA § 5-6-48, *Young v. Climatrol Southeast Dist. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976), one of which is "(3) Where the questions presented have become moot." "A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights." (Emphasis supplied.) Black's Law Dict. (Revd. 4th ed.). *"Gober v. Colonial Pipeline Co.*, 228 Ga. 668, 670 (187 SE2d 275) (1972), held: 'This court will upon its own motion dismiss an appeal where it affirmatively appears that . . . a decision would be of no benefit to the complaining party. *Mooney v. Mooney*, 200 Ga. 395 (37 SE2d 195) . . . The fact that the appellants might possibly derive some future benefit from a favorable adjudication on an abstract question . . . will not require this court to retain and decide the case. *Abernathy v. Dorsey*, 189 Ga. 72 (5 SE2d 39).' " *Nat. Council of Jewish Women v. Cobb County*, 247 Ga. 198 (275 SE2d 315) (1981) and cits.; *Goodyear v. Trust Co. Bank*, 247 Ga. 281 (1) (276 SE2d 30) (1981).

Of course, a case may be moot, but, because the error is capable of repetition *and yet evades review*, the appeal will be considered. *United Food &c. Workers Union v. Amberjack, Ltd.*, 253 Ga. 438 (321 SE2d 736) (1984) and cit.; *Caldwell v. Bateman*, 252 Ga. 144 (1) (312 SE2d 320) (1984) and cit.; *Poythress v. Moses*, 250 Ga. 452 (1) (298 SE2d 480) (1983) and cit.; *R. W. Page Corp. v. Lumpkin*, 249 Ga.

576 (1) (292 SE2d 815) (1982); *Wood v. Cole,* 249 Ga. 389 (290 SE2d 927) (1982) and cit. In the present case, if the case is moot, the error, if any, is capable of repetition, but no reason appears why it would evade review; therefore, review of the case is not mandated by the above line of cases.

It appearing from the record that the case may be moot, the case is remanded to the Court of Appeals to determine the issue of mootness.

*Remanded to the Court of Appeals. All the Justices concur.*

DECIDED FEBRUARY 13, 1986.

*Larry William Russell,* for appellants.

*Jacqueline J. Baker, Barbara J. Houston, Marian J. Sexton,* for appellees.

*George E. Glaze, Steven M. Fincher, Claude L. Goza, Jr.,* amici curiae.