A89A1389. BROWN v. TAYLOR.
(387 SE2d 25)

BANKE, Presiding Judge.
The appellant sued the appellee to recover for injuries she had allegedly sustained in an automobile accident. Pursuant to OCGA § 9-11-35, the appellee moved for an order requiring the appellant to submit to an independent physical examination. The appellant's attorney insisted on being present during the examination, and the physician chosen to conduct the examination refused to proceed with it under those circumstances. The trial court ordered the appellant to submit to the examination without the presence or interference of her counsel, and we granted an application by the appellant for an interlocutory appeal from that order. However, it appears from the briefs of the parties that on the same date this court granted the application, the appellant complied with the trial court's order by submitting to the examination without the presence of her attorney. *Held:*

An appellate court will dismiss an appeal where it is apparent that the issues presented by it have become moot, i.e., where the " 'decision would be of no benefit to the complaining party. [Cit.]' [Cit.]" *Chastain v. Baker,* 255 Ga. 432, 433 (2) (339 SE2d 241) (1986). Since in the present case the appellant has now complied with the

order requiring her to submit to a physical examination without the presence of her counsel, it follows that no present controversy exists as to the issue presented by the appeal, and the appeal is accordingly dismissed as moot.

*Appeal dismissed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 26, 1989 —
REHEARING DENIED OCTOBER 10, 1989 — ▮▮▮▮▮▮

*Robert A. Sneed, Jr.,* for appellant.
*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellee.

