## A92A0870. ATLANTA GAS LIGHT COMPANY v. GEORGIA PUBLIC SERVICE COMMISSION.

(425 SE2d 340)

McMURRAY, Presiding Judge.

Atlanta Gas Light Company ("AGL") appeals from a decision of

the Public Service Commission ("PSC") reducing the annual capacity charge. We find the appeal to be moot, in view of a subsequent decision of the PSC eliminating the annual capacity charge. Accordingly, we dismiss.

For many years, the PSC permitted AGL to apply an annual capacity charge to low load factor customers who used gas furnaces to "back-up" electric heat pumps. In a 1990 proceeding to consider new rate schedules proposed by AGL, two intervenors, Georgia Power Company and Herbert G. Burris, sought a reduction of the annual capacity charge.

The PSC issued a Short order temporarily reducing the annual capacity charge from $8.00 per therm to $6.50 per therm. Thereafter, via Final Order, the PSC reduced the annual capacity charge to $4.29 per therm.

AGL filed a petition for rehearing, reconsideration and oral argument. The petition was denied and AGL sought review in the Superior Court of Fulton County. The Superior Court affirmed and this appeal followed. *Held*:

The PSC and Georgia Power Company have urged us to dismiss the appeal on mootness grounds and the parties stipulated the following facts to enable us to consider whether the issues raised in this appeal are moot: On May 31, 1991, AGL filed new schedules with the PSC proposing increases, effective July 1, 1991, in AGL's rates and charges, including the annual capacity charge. The PSC suspended the operation of the proposed schedules of rates and charges for a five-month period pursuant to OCGA § 46-2-25 and scheduled hearings on AGL's proposed schedules. Following the conclusion of the hearings, the PSC entered an initial order which, inter alia, suspended the annual capacity charge. Thereafter, the PSC entered a detailed order confirming the suspension of the annual capacity charge. AGL filed a petition for rehearing, reconsideration and oral argument, arguing that the suspension of the annual capacity charge was erroneous. The petition was denied and AGL filed a petition for review in the Superior Court of Fulton County. The petition for review is still pending.

"Under the Appellate Practice Act, the dismissal of an appeal is mandatory for the three specific instances contained in subsection (b) of OCGA § 5-6-48, *Young v. Climatrol Southeast Dist. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976), one of which is '(3) Where the questions presented have become moot.' 'A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights.'" *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241).

We have no hesitation in concluding that the question presented in this case — the amount of the annual capacity charge — is moot. After all, any decision pertaining to the amount of the annual capac-

ity charge runs smack into the PSC's subsequent order suspending the charge altogether. See *Douglas County v. Hasty*, 237 Ga. 646 (229 SE2d 435). See generally *State v. Pub. Svc. Comm. of Missouri*, 645 SW2d 44, 51 (Mo. App. 1982) (new tariff renders most questions concerning former tariff moot). Thus, even if we reversed this case, AGL would be unable to enforce the rights that it insists upon here. See generally *Seaton v. Aetna Cas. &c. Co.*, 189 Ga. App. 546, 547-548 (376 SE2d 712) (test of mootness is whether appellant, in case of reversal, could enforce the rights insisted upon).

AGL argues that the appeal cannot be deemed moot because the 1991 order of the PSC (eliminating the annual capacity charge) remains on appeal. Continuing the argument, AGL posits that if the 1991 order is reversed, it will be necessary for the PSC to re-examine the 1990 order (reducing the amount of the annual capacity charge). We·cannot accept this argument. If the 1991 order is reversed, the PSC can simply re-examine the amount of the annual capacity charge following the remand of *that* order.

"Of course, a case may be moot, but, because the error is capable of repetition *and yet evades review*, the appeal will be considered. [Cits.]" *Chastain v. Baker*, 255 Ga. 432, 433, supra. In the context of a rate case, this principle has been expressed thusly: "There is . . . an exception·to the mootness doctrine with respect to an issue of a recurring nature, of general public interest and importance, and which will evade appellate review unless the court exercises its discretionary jurisdiction. As stated in *State ex rel. Missouri Pub. Serv. Co. v. Fraas*, [627 SW2d 882 (Mo. App. 1981)]: 'The question of whether to exercise this discretionary jurisdiction comes down to whether there is some legal principle at stake not previously ruled as to which a judicial declaration can and should be made for future guidance. If the matter in dispute is simply a question of fact dependent upon the evidence in the particular case, there is no necessity for a declaration of legal principle such as to call the exception into play.'" *State v. Pub. Svc. Comm. of Missouri*, 645 SW2d 44, 51, supra.

AGL asserts that "this case falls within the limited class of cases that we may review even though they are moot." *Citizens for Ethical Government v. Gwinnett Place Assoc., L. P.*, 260 Ga. 245 (1) (392 SE2d 8). We disagree. By and large, the issues raised by AGL are of a factual nature and depend on the evidence in this case. To the extent that it can be said that the issues raised by AGL present questions of law, the questions are not so important as to require future guidance and there is no necessity to review them. We will not retain jurisdiction of a moot case to consider basic legal questions even though the appellant "might derive some benefit in future litigation from a favorable adjudication of the question. [Cits.]" *Berrie v. Baucknecht*, 224 Ga. 432, 433 (162 SE2d 317). See also *Beatty v. Myrick*, 218 Ga.

752, 753 (130 SE2d 716).

*Appeal dismissed. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED NOVEMBER 18, 1992

*Long, Aldridge & Norman, Albert G. Norman, Jr., Gordon D. Giffin, L. Craig Dowdy*, for appellant.

*Michael J. Bowers, Attorney General, Beverly B. Martin, Senior Assistant Attorney General, Roger M. Siegel, David I. Adelman, Assistant Attorneys General*, for appellee.

