## A94A1876. KAPPERS v. DeKALB COUNTY BOARD OF HEALTH.

### (446 SE2d 794)

McMurray, Presiding Judge.

The DeKalb County Board of Health ("the Board") filed a petition pursuant to OCGA § 31-14-2 for the isolation and involuntary outpatient treatment of John Kappers (defendant), alleging defendant has contagious tuberculosis but refuses to comply with a treatment plan promulgated by the Board. After a hearing, the trial court determined that defendant "is conducting himself so as to expose other persons to danger of infection of tuberculosis, after having been directed by the Board to comply with treatment . . ." and that his "actions constitute a danger to himself and to the public health. . . ." The trial court ordered defendant to comply with the Board's plan of treatment. This treatment included immediate respiratory isolation, which "means that [defendant] should not leave the immediate area of [his] home except as required for medical care directed by [his] physician." Also, the plan directed defendant to wear a particulate respirator mask while in the presence of others. Respiratory isolation would continue "until [his] sputum cultures are consistently negative for Mycobacterium tuberculosis and a reevaluation determines that [he] no longer [has] infectious tuberculosis." Defendant appealed the trial court's order to the Supreme Court of Georgia which transferred the case to the Court of Appeals. *Held*:

The Board has filed a motion in this court to dismiss the appeal on the ground that the issues raised by the grant of the Board's petition for involuntary isolation and treatment have been rendered moot. "Under the Appellate Practice Act, the dismissal of an appeal is mandatory for the three specific instances contained in subsection (b) of OCGA § 5-6-48, *Young v. Climatrol Southeast Dist. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976), one of which is '(3) Where the questions presented have become moot.' 'A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights.' (Emphasis supplied.) Black's Law Dict. (Revd. 4th ed.). 'Gober v. Colonial Pipeline Co., 228 Ga. 668, 670 (187 SE2d 275) (1972), *held*: "This court will upon its own motion dismiss an appeal where it affirmatively appears that . . . a decision would be of no benefit to the complaining party. *Mooney v. Mooney*, 200 Ga. 395 (37 SE2d 195) . . . The fact that . . . appellants might possibly derive some future benefit from a favorable adjudication on an abstract question . . . will not require this court to retain and decide the case. *Abernathy v. Dorsey*, 189 Ga. 72 (5 SE2d 39)." ' *Nat. Council of Jewish Women v. Cobb County*, 247 Ga. 198 (275 SE2d 315) (1981) and cits.; *Goodyear v. Trust Co. Bank*, 247 Ga. 281 (1) (276 SE2d 30) (1981). . . . Of course, a case may be moot, but, because the [alleged]

error is capable of repetition *and yet evades review,* the appeal will be considered. . . . [Cits.]" (Emphasis in original.) *Chastain v. Baker,* 255 Ga. 432, 433 (339 SE2d 241). An appellate court has a right to hear and consider evidence outside of the record as transmitted from the court below that an appeal is moot. *The Atlanta &c. R. Co. v. Blanton,* 80 Ga. 563, 565 (1) (6 SE 584). Where, "in response to the motion to dismiss, the [appellant] either admits the existence of the fact as claimed by the [appellee], or fails to deny the existence of the same, the [appeal] will be dismissed. But when the existence of the fact is in any way denied, either by affidavit of the party or his counsel, or by statement of counsel in open court, the motion to dismiss will be overruled." *Tuells v. Torras,* 113 Ga. 691, 692 (1), 693 (39 SE 455). Stipulations in brief or in open court as to the existence of facts indicating mootness are treated as solemn admissions in judicio. *Froelich v. State,* 210 Ga. App. 647, 648, fn. 1 (437 SE2d 358).

In the case sub judice, the Board submitted the affidavit of Lawrence L. Sanders, M.D., the Deputy Director of the DeKalb County Board of Health. Dr. Sanders deposed that on May 17, 1994, the Board received the third consecutive negative culture of defendant's sputum and on May 18, 1994, he informed defendant that the respiratory isolation previously imposed was "no longer required as part of [defendant's] outpatient treatment plan. . . ." In the brief in opposition to the Board's motion, defendant's counsel concede that the Board "unilaterally lifted [defendant's] home confinement, but [defendant continues] to pursue his appeal on the grounds that his confinement [is] 'capable of repetition yet evading review.' " Since it is undisputed that defendant is no longer subject to involuntary respiratory isolation, a reversal by this court of the trial court's grant of coercive relief would be of no practical benefit to defendant such that the issues raised in this appeal are rendered moot. See *Baker v. State,* 240 Ga. 431 (241 SE2d 187). See also *Cagle v. PMC Dev. Co. of Ga.,* 233 Ga. 583 (212 SE2d 765). Contrary to defendant's arguments, "we find this action does not fall within that class of cases which would inevitably evade review." *Mulling v. Wilson,* 245 Ga. 773, 775 (267 SE2d 212). Compare *In re Jane Doe,* 262 Ga. 389 (418 SE2d 3). This court "will not retain jurisdiction of a moot case to consider basic legal questions even though the appellant 'might derive some benefit in future litigation from a favorable adjudication of the question. (Cits.)' *Berrie v. Baucknecht,* 224 Ga. 432, 433 (162 SE2d 317)." *Atlanta Gas Light Co. v. Ga. Pub. Svc. Comm.,* 206 Ga. App. 315, 317 (425 SE2d 340). This "appeal is accordingly dismissed as moot." *Brown v. Taylor,* 193 Ga. App. 134, 135 (387 SE2d 25).

*Appeal dismissed. Pope, C. J., and Smith, J., concur.*

DECIDED JULY 25, 1994.

*Milton D. Rowan, Rose H. Nathan, Gerald R. Weber, Jr.*, for appellant.

*Jonathan A. Weintraub, Lisa F. Stuckey, Joan F. Roach*, for appellee.