A96A0668, A96A0669. McWHORTER et al. v. GREENE et al.
(two cases).
(472 SE2d 135)

McMURRAY, Presiding Judge.

Jaunelle T. McWhorter transferred a 7.37-acre parcel of real property ("the land" or "the parcel") to her daughter and son-in-law, Teresa K. Clauson and Paul D. Clauson. Neighboring property owners objected, however, when the Clausons moved a modular home onto the land and began hooking up utilities, installing a sewage filtration system and adding a foundation and driveway. Ultimately, Roger O. Greene, Louise G. McGhee, James T. Davis, Edward J. Lunsford, Barbara A. Lunsford, Jimmy L. Ward, Astra V. Ward, Arthur W. Jamison and Lisa E. Jamison (plaintiffs), asserted an action against the Clausons and McWhorter (defendants) to enforce a restrictive covenant entered in the parcel's chain of title on June 2, 1976, which bans use of any " 'mobile home' " on the land.

After a bench trial, the trial court entered an order declaring that the restrictive covenant is enforceable by operation of OCGA § 44-5-60 (b) until June 2, 1996; that the Clausons' "structure is a mobile home, and [that it therefore] cannot be placed on the property until June 2, 1996, when the covenant expires." Defendants filed a notice of appeal from this order, after which the trial court entered another order directing "defendants [to] remove the triple wide mobile home [from the parcel] within 60 days from the date of this order [and enjoining them] from placing on [the land] a mobile home, manufactured home, or other structure defined by O.C.G.A. § 8-2-31 from the date of this Order until Midnight on June 2, 1996. . . ." The

appeal which arose from the trial court's first order was docketed in this Court as Case No. A96A0668. And the appeal which arose from the trial court's second order is designated in this Court as a companion to Case No. A96A0668 and was docketed as Case No. A96A0669. Defendants have filed the same enumeration of errors and brief in support of both appeals. *Held*:

"If an appellant or cross-appellant will benefit by reversal of a case, his appeal is not moot. See *Kubler v. Goerg*, 197 Ga. App. 667, 671 (399 SE2d 229)." *Johnson & Harber Constr. Co. v. Bing*, 220 Ga. App. 179 (1), 180 (469 SE2d 697). If, however, reversal of a trial court's judgment is of no practical benefit to the parties, any issues raised on appeal are rendered moot. *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117 (446 SE2d 794). In the cases sub judice, defendants do not challenge the trial court's determination that the restrictive covenant at issue expires by operation of OCGA § 44-5-60 (b) on June 2, 1996, and plaintiffs have not challenged this ruling on appeal. It thus appears that plaintiffs lost standing to enforce the restrictive covenant against defendants after June 2, 1996, and that, as a consequence, neither reversal of the trial court's declaratory judgment in Case No. A96A0668 nor reversal of the trial court's equitable judgment in Case No. A96A0669 would be of practical benefit to the parties. The issues raised in these appeals "are [therefore] rendered moot. See *Baker v. State*, 240 Ga. 431 (241 SE2d 187). See also *Cagle v. PMC Dev. Co. of Ga.*, 233 Ga. 583 (212 SE2d 765). [Further,] 'we find [these actions do] not fall within that class of cases which would inevitably evade review.' *Mulling v. Wilson*, 245 Ga. 773, 775 (267 SE2d 212). Compare *In re Jane Doe*, 262 Ga. 389 (418 SE2d 3). This court 'will not retain jurisdiction of a moot case to consider basic legal questions even though [plaintiffs] "might derive some benefit in future litigation from a favorable adjudication of the question. (Cits.)" *Berrie v. Baucknecht*, 224 Ga. 432, 433 (162 SE2d 317).' *Atlanta Gas Light Co. v. Ga. Pub. Svc. Comm.*, 206 Ga. App. 315, 317 (425 SE2d 340). [And in this regard, see *Douglas County v. Hasty*, 237 Ga. 646 (229 SE2d 435); *Bd. of Commrs. of Richmond County v. Cooper*, 259 Ga. 785 (387 SE2d 138). The] 'appeal[s in the cases sub judice are] accordingly dismissed as moot.' *Brown v. Taylor*, 193 Ga. App. 134, 135 (387 SE2d 25)." *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117, 118, supra.

*Appeals dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 30, 1996.

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley, Michelle L. Schieber*, for appellants.

*Walter E. King III*, for appellees.