# Court of Appeals
# of the State of Georgia

ATLANTA,   May 11, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1207. CARPENTER v. TY COBB HEALTHCARE SYSTEM et al.**

An administrative law judge directed Wilma Carpenter to attend a functional capacity evaluation recommended by an authorized treating physician, Dr. Kimberly Walpert, or face penalties and sanctions, including a possible suspension of income benefits. Carpenter disputed that Walpert had authority to mandate such testing, but the Appellate Division of the State Board of Workers' Compensation affirmed the order of the ALJ. Carpenter then sought review in the Superior Court of Franklin County, which concluded that evidence and law existed to support the decision of the Appellate Division. Carpenter appeals from the judgment of the superior court.[1] After the appeal was filed, however, the parties reached an agreement that Walpert "is no longer an authorized referral or treating provider in this case."[2] Based on this agreement, Ty Cobb Heathcare/Cobb Memorial Hospital and Allied Claims Administration filed a motion to dismiss the appeal as moot because Walpert's earlier recommendation that Carpenter undergo a functional capacity evaluation is now completely inconsequential. We agree.

Under the Appellate Practice Act, the dismissal of an appeal is mandatory in

---

[1] An appeal from a decision of a superior court reviewing the proceedings of the State Board of Workers' Compensation may be taken only if this Court allows discretionary review pursuant to OCGA § 5-6-35 (a) (1). Carpenter timely filed an application for discretionary review in this case, and we granted the application.

[2] Carpenter does not contest that such an agreement was reached or take issue with the consensual change of physician form (form WC-200A) provided by the employer in this case.

three specific instances, one of which is "[w]here the questions presented have become moot." OCGA § 5-6-48 (b) (3). "A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights." *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986) (emphasis in original, citation and punctuation omitted). The fact that the appellants might possibly derive some future benefit from a favorable adjudication on an abstract question will not require this court to retain and decide the case if reversal of the trial court's judgment is of no practical benefit to the parties. Id.; see also *McWhorter v. Greene*, 221 Ga. App. 590, 591 (472 SE2d 135) (1996). And although one sometimes will decide an appeal that is otherwise moot when the claimed error is capable of repetition and yet evades review, see *Chastain*, 255 Ga. at 433, Carpenter has failed to show that the claim of error in this case evades review. If, in fact, the new authorized treating physician recommends that she undergo a functional capacity evaluation, and if, in fact, the ALJ directs Carpenter to attend the evaluation or face the possible suspension of income benefits, Carpenter may follow the proper appeal channels, as she did in this case. No reason appears why any such error capable of repetition would evade review. This case is hereby dismissed as moot.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 05/11/2012
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

 , *Clerk.*