# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2020

*The Court of Appeals hereby passes the following order:*

**A19A2469.  AMERICAN INTERNATIONAL INDUSTRIES v. MATTHEW UNDERWOOD.**

Matthew Underwood has filed a motion to dismiss, contending that this appeal is moot.  For reasons explained below, we agree.

This action stems from a lawsuit in New York, wherein California-based company American International Industries ("AII") was named as a defendant.[1]  In connection with that New York case, AII served upon Underwood, a resident of Cobb County, Georgia, a subpoena for deposition.[2]  The subpoena was an attorney-issued subpoena obtained by AII from the Superior Court of Cobb County.

---

[1] See *Eddie Germain and Mildred Germain v. American Intl. Industries, et al.*, Supreme Court of the State of New York, New York County.  Among other matters, the New York case concerned whether AII's product, Clubman talcum powder, had caused plaintiffs to suffer injuries.

[2] The subpoena set out in pertinent part:  "Pursuant to the provisions of OCGA 9-11-30 and 9-11-45 you are hereby required to be and appear at [location in Marietta, Georgia] on [date] at [time] to give your deposition upon oral examination in the case of *Eddie Germain v. American International Industries, et. al.*"
At the relevant time, Underwood was employed as a laboratory technician at MVA Scientific Consultants, which Georgia-based company had analyzed Clubman talcum powder.  As the Cobb County Superior Court found in the order on appeal, MVA Scientific Consultants has designated in the *Germain* case its executive director, Dr. Steven Compton, as the company's expert witness.

Seeking protection therefrom, Underwood initiated the instant action by filing in the Cobb County Superior Court a "Motion of Non-Party Matthew Underwood for Issuance of a Protective Order and Order Quashing the Georgia Subpoena Issued by this Court on Behalf of [AII] in Regard to a Foreign Action."[3] In particular, Underwood requested the Cobb County Superior Court to "[q]uash the Georgia subpoena issued by this Court in regard to the action pending in the state of New York; and to "[e]nter a Protective Order preventing Mr. Underwood from being deposed by [AII] . . . in the New York action." After AII filed a responsive pleading, the Cobb County Superior Court conducted a hearing. Thereafter, on May 9, 2019, the Cobb County Superior Court entered an order granting Underwood's motion, giving rise to this appeal.

Underwood has filed a motion to dismiss this appeal as moot, representing that subsequent to the entry of the Cobb County Superior Court's judgment, AII procured on September 18, 2019 summary judgment in the New York lawsuit as to the claims relating to it.[4] Therefore, Underwood argues, "the present appeal should be dismissed because there is no existing case of controversy to be decided." Underwood elaborates, "Any decision by this Court would have no effect, as [AII] has no standing to continue to conduct discovery in the *Germain* case, which served as the procedural vehicle for the subpoena served upon Mr. Underwood."

In its response to Underwood's motion to dismiss, AII recounts that "[t]his

---

[3] In its response to Underwood's motion filed in the Cobb County Superior Court, AII recited that "[i]n the *Germain* case, Plaintiffs allege that AII's Clubman talcum powder was contaminated with asbestos," and posited that Underwood had "relevant information and documents relating to the claims against AII in this case."

[4] Underwood further asserted that AII's counsel had served said judgment upon counsel for the *Germain* plaintiffs in the New York action on September 20, 2019. See generally *Avgush v Jerry Fontan, Inc.*, 167 AD3d 484 (NY App. Div. 2018).

2

appeal concerns an order quashing a subpoena issued in a New York case called *Germain*," and further acknowledges the summary judgment entered in its favor. Nevertheless, AII urges substantive review of whether the Cobb County Superior Court erred in granting Underwood's motion.

> Under the Appellate Practice Act, [however,] the dismissal of an appeal is mandatory for the three specific instances contained in subsection (b) of OCGA § 5-6-48, one of which is "(3) Where the questions presented have become moot." A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights.

(Citations and punctuation omitted; emphasis in original.) *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986); see *In the Interest of S. A. D.*, 345 Ga. App. 631, 632 (814 SE2d 775) (2018) ("Mootness is a question of court policy based on the theory that courts do not give opinions on abstract propositions of law that do not involve an actual controversy between parties.") (citation and punctuation omitted"); see also Court of Appeals Rule 41 (d) (providing in pertinent part that "[i]f the Court determines that it has no jurisdiction over a pending appeal, the appeal shall be dismissed"). In light of these principles, together with the undisputed circumstances that have occurred since the Cobb County Superior Court entered the contested order, we hereby GRANT Underwood's motion and thus DISMISS this appeal as moot.[5]

---

[5] Even if we had jurisdiction, we would be bound by principles that "a trial court's decision on a discovery matter will not be disturbed unless a clear abuse of discretion is shown," and that "to prevail on appeal, the [appellant] must show that the alleged error was harmful." (Punctuation and footnote omitted.) *Board of Regents of the Univ. System of Ga. v. Ambati*, 299 Ga. App. 804, 812 (4) (b) (685 SE2d 719) (2009). AII has not demonstrated how, despite its favorable summary adjudication in the *Germain* case, it remains harmed in that case by the Cobb County

3

See *Chastain*, 255 Ga. at 433; *Engelman v. Kessler*, 340 Ga. App. 239, 247 (3) (797 SE2d 160) (2017) (explaining that ruling on motion to compel discovery from a nonparty was moot, given entry of summary judgment to defendants on the claim upon which discovery would have pertained); *Hackney v. American Prescription Providers of Ga.*, 258 Ga. App. 130, 130 (572 SE2d 765) (2002) (dismissing as moot an appeal from the denial of motion to compel discovery from nonparty, due to

---

Superior Court's decision. See generally *Brown v. Brewer*, 237 Ga. App. 145, 147-148 (3) (513 SE2d 10) (1999) (challenge to denial of motion to compel discovery failed, where appellants did not show how they were harmed by the trial court's decision); *Seaton v. Aetna*, 189 Ga. App. 546, 548 (2) (376 SE2d 712) (1988) (trial court's refusal to grant access to requested discovery materials was harmless, because even "if the court erred in granting the motion for protective order, that error could not have contributed to the jury's verdict"). While AII intimates that the Cobb County Superior Court's order precludes it from ever discovering any information from Underwood in any and all pending and/or future cases, a fair reading of the Cobb County Superior Court's order confirms that it does not purport to go so far. The order repeatedly recites that it is addressing Underwood's motion, which expresses that it arises from and relates to the *Germain* case.

4

summary judgment on claim to which the discovery was relevant).[6]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   02/27/2020*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[6] AII has neither shown nor asserted that, even if the claims alleged against it in the *Germain* case are later revived, any protective ruling rendered on a subsequent subpoena and/or discovery request would evade review. See generally *Chastain*, 225 Ga. at 433-434 (explaining that even if an error had manifested in the trial court, no reason appeared why such an error "would evade review; therefore, review of the case [was] not mandated"). AII acknowledges its option to again "serv[e] Underwood with another subpoena." Notably, the Cobb County Superior Court's order explicitly rules at its end that "the Court hereby ORDERS that [AII] shall not depose [Underwood] *unless otherwise permitted by the Court.* As to [Underwood's] Motion to Quash, the Court ORDER*S the subpoena served on [Underwood]* be quashed." (emphasis supplied). As has long been settled, "[t]he fact that the appellant[ ] might possibly derive some future benefit from a favorable adjudication on an abstract question will not require this [appellate] court to retain and decide the case." *Chastain*, 255 Ga. at 433.

5