**FIFTH DIVISION**
**RICKMAN, C.J.,**
**BROWN, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 9, 2022**

# In the Court of Appeals of Georgia

A21A0111. HALL et al. v. HILL.
A21A0623. HALL v. DAVIS LAWN CARE SERVICES, INC. et al.

PHIPPS, Senior Appellate Judge.

These companion appeals are before us on remand from the Supreme Court of Georgia. See *Hall v. Davis Lawn Care Svcs.*, 314 Ga. 488 (877 SE2d 593) (2022) ("*Hall II*"). They concern rulings entered in two different cases below addressing who is the proper party to pursue a wrongful death action on behalf of the minor children of decedent Shauntrice Jones. See id. 488-491 (1) (a)-(b). In Case No. A21A0111, Michael Hall, as the children's conservator and administrator of Jones's estate, seeks review of a Gwinnett County Superior Court order dismissing his request for injunctive relief against several parties. In Case No. A21A0623, Hall seeks review of several rulings entered by the Thomas County Superior Court. For the reasons that

follow, we vacate the trial court order in Case No. A21A0111 and remand that case to the trial court for further proceedings consistent with this opinion, and we affirm in part and reverse in part the trial court orders in Case No. A21A0623.

The Supreme Court set forth the following relevant facts in its opinion:

In May 2016, Shauntrice Jones died in a car accident. Soon after, her mother, Margaret Hill, brought a wrongful-death case against both the driver of the pickup truck that hit Jones's car and his employer, Davis Lawn Care Service. She brought that case on behalf of Jones's two minor children as their next friend, and she filed it in Thomas County Superior Court. A week later, Hill petitioned that court to be appointed as the children's guardian ad litem, and the court appointed her that same day under OCGA § 9-11-17 (c) for the purpose of pursuing the wrongful-death claims.

Around the same time, Hill petitioned the Mitchell County Probate Court to appoint her as the children's conservator. Maurice Williams, the father of one of the children, objected and asked the probate court to appoint Michael Hall, the County Administrator, as conservator. While those petitions were pending, Williams moved for a stay in the Thomas County case pending the probate court's ruling on the appointment of a conservator. He noted that "[o]nce that is done, the [superior c]ourt can allow the proper party(s) [sic] to be substituted in and/or intervene as the minors' proper representative." Six months later, in January 2017, the probate court appointed Hall as the children's conservator and administrator of Jones's estate.

2

Hall began efforts to pursue wrongful-death claims on the children's behalf in Gwinnett County instead of Thomas County. He first filed a wrongful-death action on the children's behalf in Gwinnett County State Court, alleging their wrongful-death claims as well as survival claims on behalf of Jones's estate. Then, [in March 2017] in the Thomas County case, he filed a "Notice to Court of Improper Plaintiff and Counsel and Request for Dismissal Without Prejudice." In that filing, he contended that he, not Hill, was the proper person to assert wrongful-death claims on behalf of the children. Hall, who was represented by the same lawyer who had represented Williams in the case, stated that Williams's earlier motion to allow substitution or intervention after a conservator was appointed was "hereby withdrawn." Hall further declared that he had "no intention of appearing in or pursuing this case in this [c]ourt" and had made the filing "only as a special appearance and not as a party." Finally, Hall asked the court to dismiss the case without prejudice.

The defendants in the Thomas County case, however, tried to keep the case there. In that case, they moved to consolidate the Gwinnett County case and join Hall as a plaintiff in Thomas County.

After a hearing, the Thomas County Superior Court issued orders [in December 2017] addressing the various filings before it. Those orders ultimately (1) denied Williams's earlier request to remove Hill as guardian ad litem; (2) denied Hall's "Notice to Court of Improper Plaintiff and Counsel and Request for Dismissal Without Prejudice" because Hill, as guardian ad litem, was the proper party to file the lawsuit; (3) consolidated the wrongful-death and survival claims in the

3

Gwinnett County case with the Thomas County case; and (4) joined Hall as an involuntary plaintiff under OCGA § 9-11-19 (a) in his capacities as administrator of Jones's estate and conservator for the minor children.

After the dust settled, Hall continued his efforts to take control of the litigation on behalf of the children. He first moved to remove Hill as a plaintiff, citing OCGA § 29-3-22 (a) (6) (vesting in a conservator the "exclusive power to . . . participate in legal . . . proceedings . . . as are appropriate for the support, care, education, health, or welfare of the minor in the name of or on behalf of the minor"). The court denied the motion, reasoning that it was no different from the earlier filings and ruling that Hill would remain in the case (but not addressing Hall's argument under OCGA § 29-3-22 (a) (6)). Hall then moved for reconsideration and separately moved for a declaratory judgment that he had the sole right to control the case; the court denied the motions.

Undeterred, Hall tried to move the litigation back to Gwinnett County and put it under his control. In the Thomas County case, he filed a voluntary dismissal of the claims from the Gwinnett County case that had been consolidated with the Thomas County case. He then filed a renewal lawsuit in Gwinnett County State Court. And he then filed a complaint in Gwinnett County Superior Court seeking, among other things, to enjoin Hill and the defendants in both cases from interfering with his pursuit of the wrongful-death and survival claims.

Hill responded on both fronts. In the Gwinnett County Superior Court case, she moved to dismiss the case or transfer it to the Thomas County Superior Court. In April 2020, the Gwinnett County Superior

4

Court denied Hall's request for a preliminary injunction and granted Hill's motion to dismiss. In Thomas County, Hill moved to remove Hall from the case and enjoin him from "thwarting [its] prosecution," arguing that the court had determined that she was the proper party to bring the wrongful-death claims on behalf of the children and asserting that Hall did not satisfy the criteria for joinder under OCGA § 9-11-19 (a). Hall filed a cross-motion to remove Hill from the case and to enjoin her from proceeding with her wrongful-death claims.

In August 2020, the Thomas County Superior Court issued three orders: (1) an order striking Hall's dismissal of his Gwinnett County State Court claims, which had been consolidated with the Thomas County case; (2) an order removing Hall as a plaintiff in the Thomas County case and enjoining him from further filings; and (3) an order denying Hall's cross-motion to remove and enjoin Hill.

*Hall II*, 314 Ga. at 488-491 (1) (a) (footnotes omitted).

Hall appealed from (1) the Gwinnett County Superior Court's order denying his requests for injunctive relief and dismissing that case; and (2) the Thomas County Superior Court orders that joined him as a party to Hill's wrongful death action, consolidated his wrongful death action with hers, removed him as a plaintiff and enjoined him from further filings, denied his cross-motion to remove Hill as a plaintiff and enjoin her from further filings, and struck his voluntary dismissal of his consolidated wrongful death action. *Hall v. Hill*, 360 Ga. App. 635, 635-636 (859

SE2d 897) (2021) ("*Hall I*"), rev'd in part, *Hall II*, 314 Ga. 488. As relevant here, we concluded that, while Hall had the exclusive power as the children's conservator to participate in the Thomas County wrongful death action on their behalf, "he expressly declined to exercise that right" and thereby invited any potential error by the trial court in interfering with his power in that regard. Id. at 640 (1) (a). And we affirmed the Thomas County Superior Court's rulings joining Hall as a plaintiff, consolidating the wrongful death cases, and striking Hall's voluntary dismissal of the consolidated Gwinnett County wrongful death action, id. at 643-644 (3)-(4), and the Gwinnett County Superior Court's rulings denying his requests for injunctive relief and dismissing that case, id. at 644-645 (5).[1]

On certiorari review, the Supreme Court: (1) reversed our holding that Hall invited any potential error by the Thomas County Superior Court in interfering with his power as the children's conservator to participate in the Thomas County action on their behalf; (2) vacated our affirmance of that court's order striking Hall's voluntary dismissal of the consolidated Gwinnett County State Court claims; (3) vacated our affirmance of the Gwinnett County Superior Court's denial of his

---

[1] Although not directly relevant to the current proceedings, we also reversed the Thomas County Superior Court's ruling dismissing Hall as a party to the case and enjoining him from further filings. *Hall I*, 360 Ga. App. at 644 (4).

6

requests for injunctive relief and dismissal of that case; and (4) remanded the cases to this Court for further proceedings consistent with the Supreme Court's opinion. *Hall II*, 314 Ga. at 497 (4). We now revisit the affected rulings, in accordance with the Supreme Court's decision.

*Case No. A21A0623*[2]

1. As stated above, the Supreme Court rejected our conclusion that Hall forfeited his exclusive power to participate in the Thomas County case by taking actions contrary to the exercise of that power. *Hall II*, 314 Ga. at 494-497 (3); see *Hall I*, 360 Ga. App. at 640 (1) (a), 645 (5). The Court observed that (a) "Hall only ever tried, in various ways, to bring the wrongful-death action in Gwinnett County, dismiss the Thomas County case, and remove Hill as a party litigating on the children's behalf," and (b) there is no evidence "that Hall did anything to invite" the rulings adverse to him. *Hall II*, 314 Ga. at 495 (3). The Court further explained that our conclusion to the contrary conflicted with "OCGA § 29-3-22 (a) (6)'s grant of exclusive power to litigate on a minor's behalf" and with OCGA § 9-11-19 (a), which "expressly contemplates joinder of a person who has refused to participate in a case"

---

[2] We address this case first because it involves the primary rulings at issue in the Supreme Court's decision, which provide the basis for our disposition of Case No. A21A0111.

and grants such person "all the attendant rights and obligations" of a party. *Hall II*, 314 Ga. at 495-496 (3) (punctuation omitted).

(a) For the reasons stated in the Supreme Court's opinion, at the moment Hall was appointed conservator of the minor children, Hill lost the authority to act on their behalf in the Thomas and Gwinnett County cases.[3] See *Hall II*, 314 Ga. at 493-494 (2) (explaining that a conservator's exclusive power is conferred "automatically" and may not be exercised by another person or entity); see also OCGA § 29-3-22 (a) (6) ("Without court order, the appointment of a conservator shall vest in the conservator the exclusive power to . . . [b]ring, defend, or participate in legal . . . proceedings . . . as are appropriate for the support, care, education, health, or welfare of the minor in the name of or on behalf of the minor . . . ."); *Muse v. Treadway*, 254 Ga. App. 166, 166-168 (1) (561 SE2d 481) (2002) (holding that the conservator of an incapacitated adult ward, and not the ward's guardian, was the proper party to bring a civil lawsuit on behalf of the ward);[4] accord OCGA § 29-3-3 (b) ("If the minor has a conservator,

---

[3] For this reason, we reject Hill's claim in her supplemental brief to this Court that she may continue to litigate the children's wrongful death claims following Hall's appointment as conservator.

[4] Before the 2005 enactment of the current Guardianship Code, OCGA § 29-1-1 et seq., a conservator was referred to as a "guardian of the property." See Ga. L. 2004, pp. 161-162, 318, §§ 1, 17; OCGA § 29-1-1 (2); Mary F. Radford, Ga. Guardianship

the only person who can compromise a minor's claim is the conservator."). It follows that Hall's appointment automatically divested Hill of standing to represent the children's interests in any of the lower court cases. See *New Cingular Wireless PCS v. Dept. of Revenue*, 308 Ga. 729, 732 (843 SE2d 431) (2020) ("[T]o maintain an action, a party must establish standing to sue on the ground asserted . . . .") (citation and punctuation omitted); *Muse*, 254 Ga. App. at 167-168 (1) (only the ward's conservator had standing to prosecute a lawsuit concerning property over which the ward's guardian had "no power, rights or obligations").

"[T]he question of standing is a jurisdictional issue." *New Cingular Wireless PCS v. Ga. Dept. of Revenue*, 303 Ga. 468, 470 (1) (813 SE2d 388) (2018); accord *Parker v. Leeuwenburg*, 300 Ga. 789, 790, 793 (797 SE2d 908) (2017). Thus, by depriving Hill of standing to assert claims on behalf of the children, Hall's appointment deprived the Thomas County Superior Court of jurisdiction over any such claims brought by Hill. See *Blackmon v. Tenet Healthsystem Spalding*, 284 Ga. 369, 371 (667 SE2d 348) (2008) ("[A] plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction."); *Sherman v. Dev. Auth. of Fulton County*,

_____

and Conservatorship § 3:1 & n. 2 (Sept. 2022 update). That is how we referred to the conservator in *Muse*. See 254 Ga. App. at 166, 167-168 (1).

324 Ga. App. 23, 23 (749 SE2d 29) (2013) (same); see also generally *Sneakers of Cobb County v. Cobb County*, 265 Ga. 410, 411 (2) (455 SE2d 834) (1995) (a party can lose standing during the course of litigation); accord *Peck v. Lanier Golf Club*, 315 Ga. App. 176, 176, n. 2 (726 SE2d 442) (2012); *McWhorter v. Greene*, 221 Ga. App. 590, 591 (472 SE2d 135) (1996). We therefore reject Hill's claim in her supplemental brief that her lawsuit abated Hall's later-filed lawsuit under OCGA § 9-2-5 (a). See OCGA § 9-2-44 (a) ("the pendency of a former action shall not abate" a later lawsuit for the same cause of action "if the first action is so defective that no recovery can possibly be had"); *Dobson v. Truscon Steel Co.*, 70 Ga. App. 574, 575 (28 SE2d 870) (1944) (holding that the pendency of a prior lawsuit did not abate a second suit for the same cause of action where the court lacked jurisdiction over the first lawsuit). Consequently, the Thomas County Superior Court erred when it denied Hall's March 2017 request to dismiss Hill's action — over which it then lacked jurisdiction — and instead consolidated the Thomas County and Gwinnett County wrongful death actions. We therefore reverse its December 2017 rulings to that effect and vacate our ruling in Division 3 of *Hall I*. Our conclusions in that regard moot Hall's challenges to any subsequent rulings by the Thomas County Superior Court, including its August 2020 orders (1) striking Hall's dismissal of the initial Gwinnett

10

County State Court action (as consolidated with the Thomas County Superior Court action), (2) removing Hall as a plaintiff in the Thomas County case and enjoining him from further filings, and (3) denying Hall's cross-motion to drop the guardian ad litem as a plaintiff and enjoin her from additional filings.[5]

(b) Moreover, we reject Hill's assertion that the law of the case doctrine bars appellate review of Hall's challenges to trial court rulings that predate the orders — entered by the Gwinnett County Superior Court in April 2020 and by the Thomas County Superior Court in August 2020 — that directly led to this appeal.[6]

Under the law of the case doctrine, "any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court." *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) (citation and punctuation omitted); see also OCGA § 9-11-60 (h) ("[A]ny ruling by the Supreme Court or the

---

[5] We therefore reject Hill's contention in her supplemental brief that the Thomas County Superior Court's order striking Hall's dismissal of the initial Gwinnett County State Court action (as consolidated with the Thomas County Superior Court action) should be affirmed.

[6] Given our ruling in *Hall I* that Hall forfeited his right to participate in the Thomas County action on the children's behalf, it was unnecessary for us to address Hill's law of the case argument in that decision. The Supreme Court implicitly left that issue for our determination when it remanded the cases for further proceedings consistent with its opinion without addressing the issue.

11

Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."). "[T]he law of the case doctrine applies only when the same issue has been actually litigated and decided." *State v. Mizell*, 288 Ga. 474, 478 (3) (705 SE2d 154) (2010); accord *Hicks v. McGee*, 289 Ga. 573, 578-579 (713 SE2d 841) (2011) (the law of the case rule does not apply absent an express ruling on the issue in question); *Jordan v. State*, 253 Ga. App. 510, 511-512 (2) (559 SE2d 528) (2002) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue *on the same grounds*.") (citation and punctuation omitted; emphasis supplied).

Here, no challenges to any of the trial court rulings predating the orders that directly led to this appeal have been "actually litigated and decided." *Mizell*, 288 Ga. at 478 (3). In his only prior appeal in these proceedings, Hall sought review of a trial court order that denied his motions: (1) to reconsider the denial of a prior motion to drop Hill has a plaintiff; (2) for a declaratory judgment that he had the sole right to control the litigation; and (3) for a stay of the proceedings pending a ruling on the request for declaratory relief. But we dismissed that appeal for failure to comply with the interlocutory appeal procedures. *Hall v. Davis Lawn Care Svc.*, Case

12

No. A19A1049 (Feb. 14, 2019). Thus, no substantive rulings were "actually litigated and decided" in that appeal. *Mizell*, 288 Ga. at 478 (3); see generally *Williams v. State*, 335 Ga. App. 468, 468 (1), n. 1 (781 SE2d 791) (2016) ("A defective attempt to seek interlocutory review pursuant to OCGA § 5-6-34 (b) does not have the effect of making the judgment appealed from res judicata of the issue.") (citation and punctuation omitted); *Giles v. Vastakis*, 262 Ga. App. 483, 486 (585 SE2d 905) (2003) (the dismissal of a direct appeal for failure to comply with the discretionary review procedure is not the law of the case as to the underlying merits of that appeal). Consequently, the law of the case doctrine does not bar Hall's challenges to trial court rulings predating the orders that directly led to this appeal. See *Hicks*, 289 Ga. at 578-579; *Mizell*, 288 Ga. at 478 (3); *Paradise*, 321 Ga. App. at 373. Rather, those rulings are properly before us under OCGA § 5-6-34 (d) (a party appealing from a final judgment may challenge "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below . . . , without regard to the appealability of the judgment, ruling, or order standing alone").

2. The Supreme Court's decision in *Hall II* did not call into question our ruling in Division 2 of *Hall I* affirming the Thomas County Superior Court's denial of Hall's request to vacate its order appointing Hill as the children's guardian ad litem. See

*Hall II*, 314 Ga. at 492 (1) (b), n. 5, 497 (4) ("We express no opinion about the balance of the Court of Appeals opinion."); *Hall I*, 360 Ga. App. at 641-643 (2). We therefore decline to revisit that ruling, which stands affirmed under Division 2 of *Hall I*. See 360 Ga. App. at 641-643 (2).

*Case No. A21A0111*

3. For the reasons stated above in Division 1 (a) (and the Supreme Court's decision in *Hall II*), we also (1) vacate the Gwinnett County Superior Court's dismissal of Hall's requests for injunctive relief seeking to prevent Hill and others from interfering with his right to control litigation on behalf of the minor children and (2) remand Case No. A21A0111 for the trial court to address the merits of Hall's requests for relief in light of the Supreme Court's rulings and our rulings in this decision. In so doing, we express no opinion on the merits of Hall's claims or whether the Supreme Court's rulings or our rulings in this opinion may have rendered moot one or more of Hall's claims for relief against one or more of the defendants in Case No. A21A0111.

*Judgment vacated and case remanded with direction in Case No. A21A0111. Judgment affirmed in part and reversed in part in Case No. A21A0623. Rickman, C. J., and Brown, J., concur.*

14