## S07A0328. RANDOLPH COUNTY et al. v. JOHNSON.
### (646 SE2d 261)

THOMPSON, Justice.

The question for decision in this case is whether an appeal from a writ of prohibition preventing the board of elections from conducting a hearing on the sufficiency of a candidate whose name was already placed on the ballot is moot after the occurrence of the general election. The short answer is "yes."

After deciding to seek re-election to the Randolph County Board of Commissioners, Johnson filed his nomination petition. At the time, the Probate Judge of Randolph County served as the election superintendent by operation of law. The election superintendent/probate judge accepted Johnson's petition and placed his name on the general election ballot.

Thirty days after the U. S. Attorney General pre-cleared Georgia, the board of elections resumed its election responsibilities. The board of elections then noticed an insufficiency in Johnson's nomination petition and in turn, scheduled a hearing for November 1, 2006, six days before the general election, to address the alleged insufficiency. In response, Johnson petitioned the Superior Court of Randolph County for a writ of prohibition to prevent the board of elections from going forward with the hearing. On November 1, 2006, the superior court granted Johnson's petition, prohibiting the board of elections from holding the hearing.

Johnson was re-elected in the general election, and the board of elections appealed.

1. Under Georgia law an appeal will be dismissed if the question presented has become moot. OCGA § 5-6-48 (b) (3). An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination. *Haley v. Bailey*, 199 Ga. 486 (34 SE2d 685) (1945).

This Court has acknowledged that the "mootness doctrine applies to election contest cases when the general election has already taken place." *Jordan v. Cook*, 277 Ga. 155, 157 (587 SE2d 52) (2003). Thus, this Court has not been hesitant to dismiss an appeal from an election contest following the occurrence of the election. See, e.g., *Palmer v. Conner*, 247 Ga. 35, 35 (273 SE2d 612) (1981) (dismissing an appeal because the election's occurrence rendered the appeal moot). It is also well established that after a candidate's name is placed on the ballot and the candidate is elected to office, a party cannot contest the election on the grounds that the candidate did not comply with the statutory nomination requirements. See *Tate v. Morley*, 223 Ga. 36, 37 (153 SE2d 437) (1967). "There is a sanctity to elections under our system of self-government, wherein the will of the

people . . . is the supreme law." *Hunt v. Crawford*, 270 Ga. 7, 9 (507 SE2d 723) (1998) (quoting *Stiles v. Earnest*, 252 Ga. 260 (312 SE2d 337) (1984)).

2. The board of elections argues that the appeal is not moot because this situation is capable of repetition, yet will evade review. *United Food &c. v. Amberjack, Ltd.*, 253 Ga. 438, 438 (321 SE2d 736) (1984). However, there is nothing in the record to indicate that this situation is likely to recur. The board of elections has not indicated that this situation is anything other than an anomaly. Even if this situation were to recur, the appeal would not necessarily evade review. We therefore reject the board of elections' argument.

*Appeal dismissed. All the Justices concur.*

DECIDED JUNE 11, 2007.

*Hodges, Erwin, Hedrick & Coleman, Franklin T. Coleman III*, for appellants.

*Maurice L. King, Jr.*, for appellee.