S08A0692. CITY OF GREENVILLE v. BRAY.
(670 SE2d 98)

MELTON, Justice.

James Curtis Bray filed a timely application to enter the 2007 race for mayor of the City of Greenville, with the election scheduled to take place on November 6, 2007. On September 10, 2007, Rodney Garrett, a citizen of Greenville, filed with the Greenville Elections Superintendent a challenge to Bray's qualifications to hold the office of mayor. The basis of the challenge was that Bray had not been a resident of Greenville for the required six months prior to the scheduled time for the election. The challenge was heard before the Elections Superintendent on October 12, and the Superintendent ruled that Bray was not a resident of Greenville. The Superintendent disqualified Bray from participating in the election, and on October 25, 2007, Bray filed a petition to reverse the Superintendent's

decision in the Superior Court of Meriwether County. The superior court reversed the prior ruling of the Elections Superintendent, and in a November 1, 2007 order, it declared that Bray was qualified to run in the mayoral election and ordered the City of Greenville to hold the November 6 general election. Bray won the race for mayor, and the City then filed an appeal from the trial court's November 1 order on November 13, 2007, arguing that the superior court erred in reversing the decision of the Elections Superintendent.[1]

Regardless of the substantive merits or lack thereof relating to the City's claims, the appeal before us is moot. The issues in this case involve a pre-election challenge to a candidate's qualifications, and the failure of an interested party to seek a stay of the election prior to the general election taking place. See *Jordan v. Cook*, 277 Ga. 155 (587 SE2d 52) (2003); *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007).[2] This is not a case involving a proper post-election challenge that could survive on appeal after the occurrence of the election. See, e.g., *Allen v. Yost*, 281 Ga. 102 (636 SE2d 517) (2006); OCGA §§ 21-2-520 (allowing candidate to "contest the result of any primary or election"); 21-2-503 (b) ("the *election* of [a] person to [a municipal office] may be contested in the manner provided by this chapter") (emphasis supplied). Therefore, the present appeal must be dismissed as moot. *Randolph County*, supra, 282 Ga. at 160.

*Appeal dismissed. All the Justices concur.*

DECIDED NOVEMBER 17, 2008.

*Gia B. Compton, Mary C. Cooney*, for appellant.
*Willis McKenzie, Matthew C. Alford*, for appellee.

---

[1] On December 14, 2007, over a month after the election had already taken place, the City filed in this Court a motion for expedited appeal and a motion for supersedeas. On December 21, 2007, this Court granted the motion for expedited appeal and denied the motion for supersedeas.

[2] Because the appeal is moot, we need not address Bray's argument that the City does not have standing to advance the current appeal.