### S09A0842. BODKIN v. BOLIA et al.

(684 SE2d 241)

HINES, Justice.

This is an appeal from the dismissal of a petition for writ of mandamus, filed pursuant to OCGA § 21-2-171 (c),[1] seeking to compel the grant of a nomination petition in an election for public office. For the reasons that follow, the appeal is dismissed.

Marcela Bodkin filed a nomination petition with the Clayton County Board of Elections and Registration ("Board of Elections") to be listed on the November 4, 2008 general election ballot as an independent candidate for a seat on the Clayton County School Board, District 6. A letter dated July 14, 2008, from Bright, the Elections Director of the Board of Elections, to Bodkin informed Bodkin that her nomination petition did not meet the qualifications for her name to be placed on the ballot because it did not contain the number of registered voters' signatures required by OCGA § 21-2-170 (b).[2] On July 30, 2008, Bodkin filed, in the Superior Court of Clayton County, a petition for writ of mandamus against Bob

---

[1] OCGA § 21-2-171 (c) provides:

The decision of the officer denying a nomination petition may be reviewed by the superior court of the county containing the office of such officer upon an application for a writ of mandamus to compel the granting of such petition. *The application for such writ of mandamus shall be made within five days of the time when the petitioner is notified of such decision.* Upon the application being made, a judge of such court shall fix a time and place for hearing the matter in dispute as soon as practicable; and notice thereof shall be served with a copy of such application upon the officer with whom the nomination petition was filed and upon the petitioner. At the time so fixed the court, or any judge thereof assigned for the purpose, shall hear the case. If after such hearing the said court shall find that the decision of the officer was erroneous, it shall issue its mandate to the officer to correct his or her decision and to grant the nomination petition. From any decision of the superior court an appeal may be taken within five days after the entry thereof to the Supreme Court. It shall be the duty of the Supreme Court to fix the hearing and to announce its decision within such period of time as will permit the name of the candidate affected by the court's decision to be printed on the ballot if the court should so determine.

(Emphasis supplied.)

[2] OCGA § 21-2-170 (b) states:

A nomination petition of a candidate seeking an office which is voted upon state wide shall be signed by a number of voters equal to 1 percent of the total number of registered voters eligible to vote in the last election for the

Bolia, the Board of Elections chairman, and others,[3] asserting that her nomination petition was "miscounted, improperly counted, and that there were irregularities in the process leading to the unlawful decision to keep her off the November ballot." The petition was served upon Bright. Bolia moved to dismiss the petition for writ of mandamus on the grounds that it was untimely filed under OCGA § 21-2-171 (c), and that service of process was insufficient. Following a hearing on September 30, 2008, the superior court granted Bolia's motion to dismiss, expressly finding that Bodkin's petition for mandamus was not timely filed pursuant to OCGA § 21-2-171 (c), and that Bodkin failed to perfect service of process upon Bolia.

Bodkin contends that the superior court erred in dismissing the mandamus petition based upon either failure to perfect service or timeliness. She maintains that there was a lack of evidence that Bright was not authorized to accept service on behalf of Bolia and that her suit should be deemed timely because the five-day time frame for filing was not triggered until she received a copy of the July 14, 2008 letter by certified mail on July 25, 2008.[4] However, regardless of the merits or lack thereof of Bodkin's claims, her present appeal is moot. *City of Greenville v. Bray*, 284 Ga. 641, 642 (670 SE2d 98) (2008). An appeal is to be dismissed if the question presented has become moot, see OCGA 5-6-48 (b) (3), and the mootness doctrine

---

filling of the office the candidate is seeking and the signers of such petition shall be registered and eligible to vote in the election at which such candidate seeks to be elected. A nomination petition of a candidate for any other office shall be signed by a number of voters equal to 5 percent of the total number of registered voters eligible to vote in the last election for the filling of the office the candidate is seeking and the signers of such petition shall be registered and eligible to vote in the election at which such candidate seeks to be elected. However, in the case of a candidate seeking an office for which there has never been an election or seeking an office in a newly constituted constituency, the percentage figure shall be computed on the total number of registered voters in the constituency who would have been qualified to vote for such office had the election been held at the last general election and the signers of such petition shall be registered and eligible to vote in the election at which such candidate seeks to be elected.

[3] The suit also named as defendants Karen C. Handel as Secretary of the State of Georgia and "Unnamed Individuals not yet identified."

[4] The transcript of the September 30, 2008 hearing makes plain that Bodkin knew on July 14, 2008, the very day that the Board of Elections letter was written, that her nomination petition was found to lack the required number of signatures; Bodkin testified that on that day Bright told her in person about the petition's infirmity and that Bright gave her "a copy of the file with the letter." Indeed, evidence admitted at the hearing includes a copy of an additional letter dated July 18, 2008, from Bright to Bodkin providing information obviously requested by Bodkin in order to remedy her infirm nomination petition; this letter discussed the requirements for registered voters' signatures and enclosed "copies of the petitions [Bodkin] requested for School Board District 6."

applies to a pre-election challenge such as this when the general election has already taken place. *Randolph County v. Johnson*, 282 Ga. 160, 161 (1) (646 SE2d 261) (2007). Accordingly, the present appeal must be dismissed as moot. *City of Greenville v. Bray*, supra at 642.

*Appeal dismissed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Freeman, Mathis & Gary, Paul I. Hotchkiss, Jack R. Hancock, Brian R. Dempsey, Thurbert E. Baker, Attorney General*, for appellee.