# Court of Appeals
# of the State of Georgia

ATLANTA,____June 07, 2013_____

*The Court of Appeals hereby passes the following order:*

## A13D0371. MATTHEW HOWARD v. GMAC MORTGAGE, LLC.

GMAC Mortgage, LLC filed this dispossessory action against Matthew Howard in June 2010 following a foreclosure sale. After Howard asserted various counterclaims seeking injunctive relief and damages greater than $15,000, the magistrate court transferred the matter to superior court. The superior court held an evidentiary hearing and then, on December 8, 2010, entered a writ of possession in favor of GMAC.

Howard appealed to this Court,[1] and we affirmed. See *Howard v. GMAC Mortgage, LLC*, __ Ga. App. __ (739 SE2d 453) (Case No. A12A1931, decided March 7, 2013). Six days after our opinion issued, Howard filed a motion in superior court to set aside the December 2010 writ of possession on the ground that the transfer from magistrate court had been improper. The superior court did not rule on Howard's motion to set aside. Instead, it entered a second writ of possession in favor of GMAC. From that writ, Howard filed this application for discretionary appeal.

Where the questions presented on appeal have become moot, an appeal is subject to dismissal. See OCGA § 5-6-48 (b) (3). "An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007). Here, our March 7, 2013 opinion affirming the superior court's entry of a writ of possession served as a final adjudication of the dispute between the parties. See *Aetna Casualty & Surety Co. v.*

---

[1] Howard filed an application for discretionary appeal, which was granted under OCGA § 5-6-35 (j). See Case No. A11D0200, decided December 29, 2010.

*Bullington*, 227 Ga. 485 (2) (181 SE2d 495) (1971).  Under these circumstances, Howard no longer has any right with respect to the underlying dispossessory action that may be enforced by judicial action in the superior court or that can be affected by appellate review of the superior court's order.  Accordingly, Howard's application is hereby DISMISSED as moot.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* <u>06/07/2013</u>
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*