# Court of Appeals
# of the State of Georgia

ATLANTA,___March 02, 2016_____

*The Court of Appeals hereby passes the following order:*

**A15A2367. PAULDING COUNTY INDUSTRIAL BUILDING AUTHORITY et al. v. ANTHONY AVERY et al.**

**A15A2368. CALVIN THOMPSON et al. v. ANTHONY AVERY et al.**

These appeals stem from the grant of applications for interlocutory review of the denials of motions to recuse. Because material circumstances that underlay the recusal motions no longer exist, we dismiss both appeals as moot.

Appellants in these appeals are the defendants in two related cases below; the cases were assigned to the same trial judge. Appellants filed in their respective cases motions seeking recusal of the trial judge. Citing Canon 3E (1) of the former Code of Judicial Conduct[1] and Uniform Superior Court Rule 25, Appellants claimed that the "close, longstanding professional relationship between [the trial judge] and [one of the attorneys representing the Appellees (plaintiffs below)]" required the judge's recusal so as to avoid the appearance of impropriety. The trial judge summarily

---

[1] Canon 3E (1) of Georgia's former Code of Judicial Conduct, which applied when the recusal motions were ruled upon, pertinently provided that "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned." "A substantially revised Georgia Code of Judicial Conduct, which can be found at www.gajqc.com, [took] effect on January 1, 2016." *Post v. State*, ___ Ga. ___, ___ (1), n. 4 (779 SE2d 624) (2015) (Case No. S15A1189, decided November 16, 2015).

denied the motions,[2] then certified the orders for interlocutory review.

In their interlocutory applications to this Court, Appellants maintained that the "close, longstanding professional relationship between the trial judge and counsel for the [Appellees]" created a "reasonable perception about the trial judge's lack of impartiality" such that the motions for recusal "should have been assigned to another judge for determination."[3] This Court granted both applications, which resulted in the docketing in this Court of the instant Case Nos. A15A2367 and A15A2368. In their respective briefs, Appellants have enumerated as their sole claim of error: "The trial court erred when it refused to submit Appellants' motion for recusal to another judge for a determination on its merits and instead summarily denied it."

Appellees have filed in this Court motions to dismiss as moot both Case Nos. A15A2367 and A15A2368. They point out that the attorney – whose relationship with the trial judge allegedly warranted the judge's recusal – has withdrawn from the cases. In particular, they cite a notice of substitution of counsel filed in each of the two cases below,[4] stating that the attorney, as well as affiliated lawyers and law firm, have withdrawn as counsel and "shall have no further responsibility in this matter." Appellees thus contend in their motions that the sole issue raised in these appeals has been rendered moot and that the appeals must be dismissed.

Appellants counter that their appeals are not moot. As they describe, their appeals "concern[ ] whether [the trial judge] must refer the [recusal motions] to

---

[2] The trial judge revealed at a hearing his conclusion that the underlying facts (assumed true) would not warrant recusal.

[3] See *Post*, supra at __ (1) (explaining how USCR 25 governs recusal motions).

[4] The notices of counsel substitution were filed after this Court granted the interlocutory applications.

another judge to determine whether [the trial judge] should be recused from [the cases], either based on the facts at the time of the Motion[s] or under the circumstances once counsel withdrew once the appellate process began."

"Under the Appellate Practice Act, the dismissal of an appeal is mandatory for the three specific instances contained in subsection (b) of OCGA § 5-6-48, one of which is '(3) Where the questions presented have become moot.'"[5] "An appeal is moot when it seeks to determine an issue which, if resolved, cannot have any practical effect on the underlying controversy, or when such resolution will determine only abstract questions not arising upon existing facts or rights."[6]

We agree with the Appellees that both cases have been rendered moot because the pertinent premise of Appellants' recusal motions – a particular attorney serving as opposing counsel – no longer exists. Consequently, there is no basis for the claim that the judge's relationship with an attorney in the case creates a reasonable appearance of impropriety. Indeed, even if we were to reach the merits of the Appellants' enumerated claim(s) of error and agree that the trial judge should have referred the recusal motions for reassignment to a new judge, issuing an opinion to that effect – i.e., vacating the judgments and remanding the cases for such reassignments – "would be, in essence, rendering an advisory opinion on a moot

---

[5] *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986) (citation omitted); see *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011) ("An appeal is dismissed when 'the questions presented have become moot.'"), quoting OCGA § 5-6-48 (b) (3); *Bodkin v. Bolia*, 285 Ga. 758, 759 (684 SE2d 241) (2009) ("An appeal is to be dismissed if the question presented has become moot.") (citation omitted).

[6] *Pimper v. State of Ga.*, 274 Ga. 624, 626 (555 SE2d 459) (2001) (footnotes omitted).

point."[7] Where, as here, new information relevant to recusal becomes known to a party, a *new* recusal motion is required.[8] Reassigning the motions that underlie these appeals would serve no practical purpose.

Appellants' counter-arguments are unavailing. First, Appellants argue that the withdrawal by the attorney (and affiliated lawyers and law firm) did not "reverse the taint on the integrity of these proceedings." But such issue – whether "taint" from former counsel's involvement reasonably brings into question the trial judge's impartiality – has not been presented to and ruled upon by a trial court. With respect to that issue, there is nothing for this Court to review.[9]

Appellants alternatively argue that, even if these appeals are moot, this Court should nevertheless rule on their enumerated error(s) as capable of repetition. As Appellants posit, "Appellees can just as easily rehire [the same attorney] or retain another co-counsel who has had a close professional relationship with [the trial judge], only to withdraw their appearance if and when the relationship comes to light." It is well settled, however, that "the appellate court is not required to retain a moot case and decide it because a party 'might *possibly* derive some future benefit

---

[7] *Ambati v. Bd. of Regents*, 313 Ga. App. 282, 283 (721 SE2d 148) (2011) (citation omitted).

[8] See *Post*, supra at _ (2) (d), n. 12.

[9] See *Board of Trustees v. Kenworthy*, 253 Ga. 554, 557 (322 SE2d 720) (1984) ("We normally limit our rulings to the specific case or controversy decided by the trial court, and do not venture an opinion as to the legality of future actions which may or may not occur.") (citations omitted). See also See *Sears v. State*, 262 Ga. 805, 806 (1) (b) (426 SE2d 553) (1993) (explaining that any analysis regarding whether recusal is required is "necessarily fact-bound"), overruled on other grounds, *Brogdon v. State*, 287 Ga. 528, 531 (2) (697 SE2d 211) (2010).

from a favorable adjudication on an abstract question.'"[10] Moreover, the particular attorney, affiliated lawyers and law firm have represented to the trial court that they "shall have no further responsibility in th[e] matter[s]." And at any rate, Appellants have not shown that a ruling upon a recusal motion precipitated by any such future appearance(s) would ultimately evade review.[11]

In light of material changes in the circumstances underlying the recusal motions ruled upon by the trial court, these appeals are "moot [because] a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy."[12] Therefore, Case Nos. A15A2367 and A15A2368 are hereby DISMISSED as MOOT. We note that any new motion to recuse would be resolved pursuant to the revised Georgia Code of Judicial Conduct.[13] We intimate no opinion relating to the manner in which the revised Code may impact the issues involved in any such future motion.

---

[10] *Scarbrough Group*, supra (emphasis supplied), quoting *Gober v. Colonial Pipeline Co.*, 228 Ga. 668, 670 (2) (187 SE2d 275) (1972).

[11] See *Chastain*, supra ("[A] case may be moot, but, because the error is capable of repetition *and yet evades review*, the appeal will be considered.") (citations omitted; emphasis in original). See, e.g., *Murphy v. Murphy*, 295 Ga. 376, 379, n. 3 (761 SE2d 53) (2014) (reiterating that "a party wishing to appeal a pretrial ruling on a recusal motion has the option to seek an interlocutory appeal or to appeal immediately after an adverse final judgment"); *White v. Lumpkin*, 272 Ga. 398 (529 SE2d 879) (2000) (explaining that, "[i]n the event that [the trial judge] denies [the party's] motion to recuse in the pending . . . action, [the party] may seek an interlocutory appeal therefrom or pursue the issue in the context of an appeal from an adverse final judgment"); *Chandler v. Davis*, 269 Ga. 727, 728 (504 SE2d 440) (1998) (same).

[12] *Richardson v. Phillips*, 302 Ga. App. 305, 311 (2) (690 SE2d 918) (2010) (citations and punctuation omitted).

[13] See footnote 1, supra.

Appellees' motions to dismiss as moot Case Nos. A15A2367 and A15A2368 are granted.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*    03/02/2016
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

6