# Court of Appeals
# of the State of Georgia

ATLANTA,     July 11, 2016

*The Court of Appeals hereby passes the following order:*

**A16A1984. ALAN KONWINSKI v. THE STATE.**
**A16A1985. ALAN KONWINSKI v. THE STATE.**

In 2009, Alan Konwinski pled guilty to rape, two counts of aggravated sodomy, and sexual exploitation of a minor. He subsequently filed a pro se motion to set aside a void sentence and withdraw his guilty plea. The trial court denied the motion on May 18, 2015. Konwinski filed his notice of appeal on July 1, 2015.[1] On January 15, 2016, Konwinski filed a motion to proceed in forma pauperis. The trial court denied this motion on April 11, 2016. In Case No. A16A1984, Konwinski directly appeals from the May 18, 2015 order denying his motion to set aside a void sentence and withdraw his guilty plea. In Case No. A16A1985, Konwinski directly appeals from the April 11, 2016 order denying his pauper status. We lack jurisdiction.

Pretermitting whether Konwinski was entitled to a direct appeal from the May 18, 2015 order, to be timely, a notice of appeal must be filed within 30 days of entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Because Konwinski filed his notice of appeal 44 days after entry of the order he seeks to appeal, it is untimely. Accordingly, Konwinski's appeal in Case No. A16A1984 is hereby DISMISSED for lack of jurisdiction.

In the absence of a valid appeal, the question of whether Konwinski may

---

[1] It appears that Konwinski attempted to file a notice of appeal earlier, but the notice of appeal was not officially filed until July 1, 2016.

proceed in forma pauperis on appeal is moot.  See *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007) ("An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination.").  And an appeal of an issue that has become moot is subject to dismissal. See OCGA § 5-6-48 (b) (3). Thus Konwinski's direct appeal in Case No. A16A1985 is DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/11/2016
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*