**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2017**

# In the Court of Appeals of Georgia

A16A1977. THE MASHBURN FAMILY TRUSTS v. CITY OF
      CUMMING, GEORGIA et al.

MCFADDEN, Presiding Judge.

This case involves a superior court order dismissing an appeal from a zoning

board decision on multiple grounds, including mootness. Because the superior court

correctly ruled that the underlying matter is moot, we affirm.

This action arose out of a stop work order issued by the city of Cumming,

Georgia against the Marcus Mashburn, Jr. and Alice S. Mashburn Family Trusts. The

trusts had obtained a land disturbing activity permit from the city to remediate an area

where a dam had breached. The trusts began demolition work on the site pursuant to

the permit on June 16, 2014. On June 23, 2014, there was a heavy rain at the site. The

next day, June 24, 2014, the city issued a stop work order due to the release of

sediment into the water. The city lifted the stop work order six days later on June 30, 2014, and the trusts continued and completed the demolition work.

More than three weeks after the stop work order had been lifted, on July 23, 2014, the trusts appealed the decision to issue the stop work order to the city's zoning board. The board denied the appeal and the trusts appealed that denial to the superior court. The city moved to dismiss the appeal. After a hearing on August 7, 2015, the superior court granted the motion to dismiss on multiple grounds, including a finding that since the stop work order had been lifted and the demolition work completed, the matter is moot. This court granted the trusts' application for discretionary review and this appeal followed. Having now reviewed the full record, we find that the trial court correctly dismissed the appeal as moot.

An appeal is subject to dismissal when the questions presented are moot. See OCGA § 5-6-48 (b) (3). Mootness results "if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007). A matter is also moot if a ruling would have no practical effect on the alleged controversy. *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Here, the stop work order was lifted on June 30, 2014, and the demolition work is complete. Moreover, the trusts did not seek damages and

2

instead sought to have the stop work order rescinded, which has already occurred through the lifting of the order. See *Cotton v. First Nat. Bank of Gwinnett County*, 235 Ga. 511, 512 (220 SE2d 132) (1975) (issue moot where relief sought by plaintiffs has already taken place). Although a matter will not be deemed moot if a party will face adverse collateral consequences that will plague the affected party, the trusts have not made a sufficient showing that they will suffer such consequences from the issuance of the stop work order. See *In the Interest of I. S.*, 278 Ga. 859, 862 (607 SE2d 546) (2005) (appellants failed to show adverse collateral consequences on the record); *In the Interest of J. R. P.*, 287 Ga. App. 621, 623 (1) (652 SE2d 206) (2007) (accord). Because the superior court correctly found that the matter is moot, we must affirm its order of dismissal. *McAuley v. Wills,* 164 Ga. App. 812 (1) (298 SE2d 594) (1982) ("[I]f the court is right for any reason in its order of dismissal, we will affirm.").

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*

3