311 Ga. 616
FINAL COPY

S21A0306. BELL v. RAFFENSPERGER.

BOGGS, Justice.

Andrew Bell challenges the denial of his application for a writ of mandamus and injunctive relief in which he sought to compel Secretary of State Brad Raffensperger to include Bell's name as an independent candidate on the ballot for the November 3, 2020 election for Georgia House District 85. Bell claims, among other things, that he collected the signatures required for him to qualify as a candidate and that the trial court erred by not requiring the Secretary to place Bell's name on the ballot. Because the November 3, 2020 general election is over and the ballots have been printed, cast, and counted, however, there is no such ballot upon which Bell could still be placed, this Court cannot grant Bell the relief he requests, and this appeal must be dismissed as moot.

On March 2, 2020, Bell submitted to the Secretary his notice of

candidacy as an independent for House District 85 for the November 3, 2020 general election. See OCGA § 21-2-132 (d). To qualify as a candidate for that office, he sought to collect the required signatures under OCGA § 21-2-170 (b), which in the case of non-statewide offices is five percent of the registered voters eligible to vote for that office in the last election. Accordingly, Bell was required to obtain 1,793 signatures. Bell had until July 14, 2020, to file his nomination petition with the required signatures. See OCGA § 21-2-132 (e).

The COVID-19 pandemic changed these requirements. On July 9, 2020, a federal court issued an injunction directing the Secretary to lower the signature requirement by 30 percent in light of the burden imposed by the pandemic on voters' and candidates' rights. See *Cooper v. Raffensperger*, 472 FSupp.3d 1282, 1296-1297 (III)-(IV) (N.D. Ga. 2020). This injunction reduced the number of signatures Bell was required to obtain to 1,255. In recognition of these same burdens, the Secretary extended the signature-gathering period from 180 days to 211 days, moving the deadline for submitting nomination petitions to August 14, 2020.

On August 13, 2020, Bell submitted his nomination petition to the Secretary; the petition included 2,200 signatures. On September 4, Bell received an e-mail from the Secretary notifying Bell that his petition was denied because he had failed to submit the required 1,255 signatures. The letter attached to the e-mail indicated that of the submitted signatures, only 827 were valid and verified; the rest were out of district, duplicates, printed names rather than signatures, for persons not registered to vote, or illegible.

In response, on September 8, 2020, Bell filed an emergency application for writ of mandamus and injunctive relief in the Fulton County Superior Court against the Secretary in his official capacity.[1] See OCGA § 21-2-171 (c). In his application, Bell complained about communication issues with candidate registration and election office staff regarding the status of his nomination petition, the fact that he was not notified until September 4 that his nomination petition had been denied, and the fact that the denial letter he received had the wrong date and the previous Secretary listed on the letterhead.

---

[1] Bell is pro se and has been throughout the course of these proceedings.

Bell's application sought the following relief: (1) a temporary restraining order prohibiting the Secretary from printing any ballots without Bell's name in advance of a hearing; (2) an injunction either prohibiting the Secretary from printing the ballot without Bell's name or requiring the Secretary to place him on the ballot; and (3) a writ of mandamus ordering the Secretary to validate Bell's signature petition and place him on the ballot.

On September 9, 2020, Bell sought an ex parte hearing. The trial court then scheduled a virtual hearing for the earliest possible date in accordance with the Secretary's right to five days' notice under OCGA § 9-10-2, which was September 15.[2] On September 11, Bell filed a discovery request for, among other things, copies of the "examined nomination petitions." The Secretary did not produce the

---

[2] OCGA § 9-10-2, in pertinent part, reads as follows:

Any . . . judicial action by any court in this state in any matter in which . . . an official of this state in his official capacity is a party defendant . . . shall be void unless it affirmatively appears as a matter of record . . . :

(1) That the Attorney General was given five days' advance written notice by the adverse party or his attorney of the time set for the particular trial, hearing, or other proceeding[.]

4

requested discovery by the hearing date. Bell never filed a motion to compel discovery. The court denied Bell's application orally at the September 15 hearing and by written order on September 17, ruling that Bell failed to assert a clear legal right to relief, as required for mandamus, and that Bell failed to demonstrate that he submitted the required number of verified signatures or that the rejected signatures were rejected in error.

On September 22, 2020, Bell filed in this Court an "Emergency Application for Appellate Review" of the trial court's order, which was docketed as an application for discretionary appeal and then granted under OCGA § 5-6-35 (j) on October 16. Bell filed a notice of appeal in the trial court on October 5, and after the appeal was docketed here on October 16, he filed his brief in this Court on October 29. Bell never moved for expedited treatment of this appeal.[3]

---

[3] We recognize that OCGA § 21-2-171 (c) provides in part as follows:

From any decision of the superior court an appeal may be taken within five days after the entry thereof. It shall be the duty of the

5

The ballots for the November 3, 2020 general election were printed on September 15. Early voting began on October 12 and ended on October 30. Since this appeal was docketed in this Court, the November 3, 2020 general election and January 6, 2021 run-off election have both occurred, the results of those elections have been certified, and the seat for the next term as representative of House District 85 has been filled by the previous incumbent, Karla Drenner.

Bell claims that he did collect the required number of

appellate court to fix the hearing and to announce its decision within such period of time as will permit the name of the candidate affected by the court's decision to be printed on the ballot if the court should so determine.

Bell never invoked the latter sentence of this provision in his application or initial briefing. By the time his appeal was docketed here and it was clear from his brief that he was enumerating as error a superior court decision on a nomination petition under OCGA § 21-2-171, his appeal was already moot, as we explain below. But we take this opportunity to emphasize that an appellant seeking to rely on the expedited-review provision in OCGA § 21-2-172 (c) should alert the Court that the appeal involves a decision on a nomination petition by filing a motion for expedited appeal citing that provision. See, e.g., *Lewy v. Beazley*, 270 Ga. 11, 12 (507 SE2d 721) (1998) (deciding on the merits an appeal from the denial of mandamus under OCGA § 21-2-171 (c) when, "[a]fter timely filing her notice of appeal, Lewy applied to this Court for an expedited appeal pursuant to OCGA § 21-2-171 (c), which was granted by the Court").

6

signatures to be placed on the November 3, 2020 general election ballot for the House District 85 race as an independent candidate and that the trial court erred in denying his application for a writ of mandamus and injunctive relief to compel the Secretary to place him on the ballot. We need not address the merits of Bell's claims because this appeal must be dismissed as moot.

When a nomination petition is denied by the Secretary, a petitioner may seek review of that decision by a superior court "upon an application for a writ of mandamus to compel the granting of such petition." OCGA § 21-2-171 (c). Under the procedures outlined in the statute, the decision of the superior court may then be appealed to this Court. See id.

An appeal, however, must be dismissed "[w]here the question[ ] presented [has] become moot." OCGA § 5-6-48 (b) (3). "An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160, 160 (1) (646 SE2d 261) (2007). Put another way, when "the act that is the subject" of the requested relief "is completed, then the matter

7

is moot and no longer subject to appeal." *City of Comer v. Seymour*, 283 Ga. 536, 537 (661 SE2d 539) (2008) (applying mootness doctrine to a request for injunction); see also *Baez v. Miller*, 266 Ga. 211, 211 (465 SE2d 671) (1996) (same as to a writ of mandamus).

This mootness principle applies in the election context. We acknowledge, however, that some of our election-contest cases have simply declared an appeal moot due to the occurrence of the general election rather than analyzing whether various claims on appeal were moot in light of the specific relief sought.[4] To be clear: an appeal is moot when this Court can no longer provide the specific relief

---

[4] See, e.g., *Bodkin v. Bolia*, 285 Ga. 758, 759-760 (684 SE2d 241) (2009) (mandamus action to force the Secretary to print candidate's name on the ballot deemed moot by occurrence of the general election); *Randolph County*, 282 Ga. at 160 (1) (challenge to writ of prohibition preventing a hearing on the qualifications of a candidate whose name was on the ballot deemed moot by occurrence of the general election); *Brooks v. Brown*, 282 Ga. 154, 154-155 (646 SE2d 265) (2007) (challenge to the date of the election deemed moot by occurrence of the general election); *Palmer v. Conner*, 247 Ga. 35, 36 (273 SE2d 612) (1981) ("Because the general election has already taken place, it is too late to conduct a second primary run-off and this appeal must be dismissed as moot."); *Barker v. Cook*, 242 Ga. 780, 780 (251 SE2d 553) (1979) (challenge to candidate's qualifications deemed moot by his loss in the general election). We need not go back and review the details of each of these prior cases in order to determine whether they all correctly applied the mootness doctrine, as this opinion clarifies the proper approach. See *DeKalb County School Dist. v. Gold*, 307 Ga. 330, 335-336 (3) & n.5 (834 SE2d 808) (2019).

requested; election cases are no exception.

Here, Bell asks this Court to reverse the trial court's order and direct the trial court to grant him the specific mandamus and injunctive relief he requested: to either compel the Secretary to put his name on the November 3, 2020 general election ballot or prohibit the Secretary from printing ballots without his name on them. But the ballots for the November 3, 2020 general election had been printed a month before Bell's appeal was docketed in this Court, and early votes had been cast using those ballots for two weeks before Bell filed his brief. The November 3, 2020 general election, including the House District 85 race, is now over, and the election result has been certified. Therefore, through injunction, to the extent that injunctive relief is even available in a case of this type, and mandamus, Bell seeks to stop the printing of ballots that have already been printed, cast, and counted, and he seeks to compel the Secretary to place his name on a ballot that no longer exists for an election that has already occurred. This Court is no longer capable of granting the type of relief Bell requests, so this appeal is moot.

See *Bodkin v. Bolia*, 285 Ga. 758, 759-760 (684 SE2d 241) (2009); see also *Merry v. Williams*, 281 Ga. 571, 571-572 (1) (642 SE2d 46) (2007) (mandamus petition to compel a new election for a city's mayor pro tempore for 2006 was moot when "the year 2006 ended and Defendants performed the public duty of electing a new Mayor Pro Tempore for 2007").

Because Bell's claim for mandamus and injunctive relief is moot, this appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

Decided May 3, 2021 — Reconsideration denied June 1, 2021.

Election contest. Fulton Superior Court. Before Judge Adams.

Andrew W. Bell, *pro se.*

*Christopher M. Carr, Attorney General, Russell D. Willard, Senior Assistant Attorney General, Miles C. Skedsvold, Bryan K. Webb, Charlene S. McGowan, Assistant Attorneys General*, for appellee.