# Court of Appeals
# of the State of Georgia

ATLANTA,  January 19, 2023

*The Court of Appeals hereby passes the following order:*

## A23I0125.  KATHY RAYDEAN RODGERS v. ACE HOMES, LLC.

In October 2021, the trial court issued a writ of possession in favor of Ace Homes, LLC and against Kathy Raydean Rodgers. Rodgers appealed, but her appeal was dismissed because she failed to file a discretionary application. See Case No. A22A0754 (Jan. 26, 2022). After the Supreme Court of Georgia denied Rodgers's petition for certiorari, see Case No. S22C0783 (Dec. 20, 2022), Ace Homes sought to execute its writ of possession and, on December 21, 2022, the trial court entered an order permitting Ace Homes to apply for execution of the writ within 30 days. Rodgers thereafter filed this interlocutory application[1] on December 30, 2022. We lack jurisdiction for two reasons.

First, where the questions presented on appeal have become moot, an appeal is subject to dismissal. See OCGA § 5-6-48 (b) (3). "An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160, 160 (1) (646 SE2d 261) (2007). When this Court dismissed Rodgers's appeal from the October 2021 writ of possession in Case No. A22A0754 and the Supreme Court subsequently denied Rodgers's petition for certiorari review, the writ of possession was affirmed, and the trial court was without authority to vacate or alter it. See *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 485-486 (2) (181 SE2d 495) (1971). "When a final judgment of the trial court is

---

[1] At Rodgers's request, this Court docketed her filing as an application for interlocutory review, despite her failure to obtain a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b).

affirmed by this [C]ourt . . . the controversy is at an end; the rights of the parties, so far as they are involved in the litigation, are conclusively adjudicated." Id. at 486 (2). Accordingly, Rodgers's rights with respect to the underlying dispossessory action have been conclusively adjudicated, and any questions presented on appeal have become moot.

Second, even if the questions presented on appeal have not become moot, Rodgers's application is untimely. Ordinarily, an interlocutory application must be filed within ten days of obtaining a certificate of immediate review. OCGA § 5-6-34 (b). The underlying subject matter of an appeal, however, controls in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). Under OCGA § 44-7-56, an appeal from any judgment by the trial court in a dispossessory proceeding must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56; *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). As the instant application was not filed within seven days of the trial court's December 21 order, it is untimely.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/19/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*